Niketa Everett, Pro Se
Defendant
4238 Richmond Street
Philadelphia, PA  19137
Telephone: (215) 474-6623

FILED

2008 JUN 24  AM 10: 31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

**NUNC PRO TUNC**

**JUN 16 2008**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NIKETTA EVERETT and DOES 1-10, <br><br> Defendants, | CASE NO.  08-cv-740 <br><br> **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** <br><br> **ORAL ARGUMENT NOT REQUIRED** |

Defendant, Niketa Everett, hereby moves the Court to dismiss this matter:

1. This matter arises from Defendant's claim for benefits on a policy of life insurance issued by Plaintiff. Defendant's husband was the insured on this policy naming Defendant as a beneficiary.

---

3
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

2. Defendant and Defendant's decedent have at all times maintained citizenship in the Commonwealth of Pennsylvania.

3. American General is a citizen of Texas that conducts substantial and continuous business in Pennsylvania.

4. According to its terms, the policy was signed by Plaintiff in Texas. (See Policy attached to Plaintiff's Complaint, Policy cover page).

5. Defendant's decedent and Defendant lived together in California for a little over one year.

6. Defendant does not now and has never owned any real property in California.

7. Defendant has never owned or operated a business in California.

8. Defendant did not obtain a driver's license, register to vote, or engage in any employment while living in California.

9. In 2005 Defendant and Defendant's decedent were residing in California when they accepted a solicitation from their Bank, U.S. Bancorp to issue a policy.

10. The policy was underwritten by American General in the amount of $1,000,000.00.

11. Defendant was present when her husband signed the application and witnessed his signature.

12. In March 2006 having resumed residency in Philadelphia, Defendant's decedent died as a result of gunshot wounds.

13. Defendant made a timely claim for benefits.

---

4
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

14. On November 20, 2006, Defendant was informed that her claim was being denied.

15. The basis of Plaintiff's denial was an alleged misrepresentation in the policy Application leading Plaintiff to retroactively rescind the policy in November 2006.

16. Plaintiff's rescission was purportedly based on a failure to disclose felony convictions and a misstatement as to decedent's income.

17. Following the denial counsel for Defendant was retained to represent Defendant's interests.

18. Counsel for Defendant exchanged correspondence with Plaintiff's claims department from May 2006 to March 2008 when Plaintiff's representative informed that the matter was being forwarded to Plaintiff's legal department for further review. See Exhibit "C" correspondence attached to Defendant's Application filed in Pennsylvania.

19. By letter dated March 11, 2008 counsel for Defendant informed Plaintiff a lie detector test had verified that Plaintiff's agent stated the felony conviction need not be listed on the application.

20. Without any further communication, on April 23, 2008, American General filed its Complaint for Declaratory Relief in the United State District for the Southern District of California. See Complaint attached hereto as Exhibit "A".

21. Plaintiff seeks a determination as to its rights under the policy it voided *ab initio* in November 2006.

22. Defendant subsequently filed a Complaint in the United States District Court for the

---

5
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

Eastern District of Pennsylvania seeking damages for Breach of Contract, Fraud and Violation of Consumer Protection Law against American General and U.S. Bancorp. See Complaint attached hereto as Exhibit "B", the allegations of which are incorporated by reference.

23. Defendant simultaneously filed an application in the Eastern District of Pennsylvania requesting that it retain jurisdiction and enjoin the parties from taking any action on the California matter. See Application attached as Exhibit "C" hereto, the contents and arguments of which are incorporated by reference.

24. Plaintiff filed for declaratory relief when it learned that Pennsylvania law was favorable to Defendant relative to California law and it learned Defendant's factual assertions where verified by lie detector test.

25. Plaintiff's filing for declaratory relief in California was in bad faith and an attempt to forum shop.

26. Plaintiff's counsel has offices in Philadelphia.

27. Plaintiff's Philadelphia counsel has already Answered the Breach of Contract Complaint.

28. The issues set forth in Plaintiff's Declaratory Judgment Action are narrower than those presented by Defendant in Pennsylvania and all issues will be resolved in the Pennsylvania matter.

29. Regardless of the outcome of Plaintiff's Declaratory Judgment Action, Defendant will pursue claims against Plaintiff based on fraud and consumer protection theories.

30. Niketa Everett is a working single parent with five minor children.

31. Philadelphia is equally convenient to all parties; whereas, The Southern District of California is an inconvenient forum for Defendant.

32. Accordingly, for the reasons set forth above, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint for Declaratory Relief.

Date:

_____
NIKETA EVERETT, PRO SE
DEFENDANT

---

7
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740