Niketa Everett, Pro Se
Defendant
4238 Richmond Street
Philadelphia, PA 19137
Telephone: (215) 474-6623

FILED
2008 JUN 24 AM 10: 29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**NUNC PRO TUNC**

JUN 16 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NIKETTA EVERETT and DOES 1-10, <br><br> Defendants, | CASE NO. 08-cv-740 - W <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** <br><br> **ORAL ARGUMENT NOT REQUIRED** |

I.   FACTS

This matter arises from Defendant's claim for benefits on a policy of life insurance issued by Plaintiff. Defendant's husband was the insured on this policy naming Defendant as a beneficiary. Defendant and Defendant's decedent have at all times maintained citizenship in the

---

8
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

Commonwealth of Pennsylvania. American General is a citizen of Texas that conducts substantial and continuous business in Pennsylvania. According to its terms, the policy was signed by Plaintiff in Texas. Defendant's decedent and Defendant lived together in California for a little over one year. Defendant does not now and has never owned any real property in California. Defendant has never owned or operated a business in California. Defendant did not obtain a driver's license, register to vote, or engage in any employment while living in California.

In 2005 Defendant and Defendant's decedent were residing in California when they accepted a solicitation from their Bank, U.S. Bancorp to issue a policy. The policy was underwritten by American General in the amount of $1,000,000.00. Defendant was present when her husband signed the application and witnessed his signature.

In March 2006 having resumed residency in Philadelphia, Defendant's decedent died as a result of gunshot wounds. Defendant made a timely claim for benefits. On November 20, 2006, Defendant was informed that her claim was being denied. The basis of Plaintiff's denial was an alleged misrepresentation in the policy Application leading Plaintiff to retroactively rescind the policy in November 2006. Plaintiff's rescission was purportedly based on a failure to disclose felony convictions and a misstatement as to decedent's income. Following the denial counsel for Defendant was retained to represent Defendant's interests. Counsel for Defendant exchanged correspondence with Plaintiff's claims department from May 2006 to March 2008 when Plaintiff's representative informed that the matter was being forwarded to Plaintiff's legal

9
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

department for further review. By letter dated March 11, 2008 counsel for Defendant informed Plaintiff a lie detector test had verified that Plaintiff's agent stated the felony conviction need not be listed on the application. Without any further communication, on April 23, 2008, American General filed its Complaint for Declaratory Relief in the United State District for the Southern District of California. Plaintiff seeks a determination as to its rights under the policy it voided *ab initio* in November 2006. Plaintiff's counsel has offices in Philadelphia. Plaintiff's Philadelphia counsel has already Answered the Breach of Contract Complaint.

Niketa Everett is a working single parent with five minor children. Philadelphia is equally convenient to all parties; whereas, The Southern District of California is an inconvenient forum for Defendant.

## II. ARGUMENT

Defendant respectfully states that this Court does not have Personal Jurisdiction. Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute allows courts to exercise personal jurisdiction over Defendants to the extent permitted by the Due Process Clause of the United States Constitution. See Cal. Code Civ. Pro. §410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent,* 11 F.3d at 1484. This Court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *Brainerd v. Governors of the Univ. of Alberta,* 873 F.2d 1257, 1258 (9th Cir. 1989). Due process requires "that in order to subject a

---

10
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

Defendant to a judgment in *personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Ninth Circuit analyzes specific jurisdiction according to a three-prong due process test. *Yahoo Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). First, the non-resident Defendant must purposefully direct activity or consummate some transaction with the forum or a resident thereof, or perform an act by which she purposefully avails herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one that arises out of or relates to the Defendant's forum-related activities. *Id.* Third, the exercise of jurisdiction must be reasonable. *Id.*; see also *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990).

**A.  Defendant Has Not Directed Any Activity To California**

The first prong of the test may be satisfied by purposeful availment of the privilege of doing business in the forum, by purposeful direction of activities at the forum, or by some combination thereof. *Yahoo*, 433 F.3d at 1206. However, **only the acts of the nonresident Defendant**, not the act of a third person, **can determine whether the Defendant has sufficient contacts to warrant jurisdiction.** *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-17, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)(emphasis added). This is so, even if the act

is done with the Defendant's knowledge or acquiescence. See *Kulko v. California Superior Court*, 436 U.S. 84, 93-94, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (finding insufficient contact for custody adjudication in Defendant-father's consent to allow child to live in California). Defendant here lived in California for approximately one year. During that year she conducted no business in California. Defendant never obtained a driver's license in California, or registered to vote. Her only tie to California is her interest in the policy for which her husband applied while living in California.

The ownership of property within the forum is one contact, possibly suggestive of other ties to the forum or the litigation by which the court can evaluate the reasonableness of asserting jurisdiction over a party. See *Shaffer v. Heitner*, 433 U.S. 186 at 207-208, 53 L.Ed.2d 683 (1977). Defendant does not now and has never owned real property in California. The *Shaffer* Court explained that, "when claims to the property itself are the source of the underlying controversy between the Plaintiff and the Defendant, it would be unusual for the State where the property is located not to have jurisdiction." 433 U.S. at 107. In this case, the source of the underlying controversy is a passive interest as a beneficiary to a life policy. This is not property ownership indicating purposeful availment to personal jurisdiction. A passive beneficial interest does not satisfy the purposeful availment requirement. See *Paccar Int'l Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1063 (9th Cir. 1985) (finding insufficient availment in status as beneficiary to line of credit from instate branch of an interstate bank); *Mueller v. Mueller*, No. 02-C-488, 2002 U.S. Dist. LEXIS 3457, at *9-10 (N.D.Ill. March 4, 2002) (denying jurisdiction over non-resident beneficiary to **life insurance** policy).

---

12
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

The purposeful availment prong of the minimum contacts test requires a "qualitative evaluation of the Defendant's contact with the forum state," *Lake v. Lake*, 817 F.2d 1416 at 1421 (9th Cir. 1987), in order to determine whether Defendant's "conduct and connection with the forum State are such that [Defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The purposeful availment requirement is met if the Defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). The only affirmative conduct relative to the life policy in which Defendant engaged was to witness her husband's signature on the policy application. Plaintiff does not claim that the signature was fraudulent or that the policy application was signed by another person. Thus, it would not have been reasonable for Defendant to anticipate being haled into court in California for witnessing her husband's signature in California.

**B.   Plaintiff's Claims Do Not Arise From Defendant's Act of Witnessing The Policy Application**

The Court must determine whether the claims made against Defendant arise out of her California-related activities. The Court uses a "but for" test to make that determination. *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). This test is not satisfied because "but for" Defendant's witnessing the signature, such as in the event she was not present when the application was signed, the signature could simply have been witnessed by another person.

---

13
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

There are no special requirements for one to witness another's signature. Indeed, any notary could have performed the function of witnessing the signature. Again, this case doesn't arise from the act.

### C. Jurisdiction In The Southern District Of California Is Unreasonable

Defendant denies that the record reveals a purposeful act directed at the forum, but should the Court find otherwise it should consider whether "considerations of reasonableness" dictate that jurisdiction is proper. See *Haisten v. Grass Valley Medical Reinbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). Once it has been decided that a Defendant purposefully established minimum contacts with a forum, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" in order to defeat personal jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Seven factors are considered in weighing reasonableness:

> (1) the extent of the Defendants' purposeful interjection into the forum state's affairs; (2) the burden on the Defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the Defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum of the Plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d at 1487-88 (citing *Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1065 (9th Cir. 1985)). No one factor is dispositive in itself. The Court must balance all seven. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th cir. 1991).

1) <u>Purposeful Interjection</u>

The Court first considers the extent of Defendant's purposeful interjection into the forum state. Even if the Court determined that Defendant purposefully availed herself of the privilege of doing business in California, the degree of interjection is nonetheless a factor in assessing the overall reasonableness of jurisdiction under this prong. See *Ins. Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). This factor must weigh in Defendant's favor because the degree to which she interjected hereof into the Business of California is at most extremely slight.

2) <u>Defending In This Forum Is Burdensome</u>

Defending this matter in California is a serious burden to Defendant. Defendant is a single mother with five minor children. Defendant cannot afford to pay a retainer to defend a declaratory judgment action. At this point Defendant has been unable to obtain qualified legal counsel in the Southern District of California. Defendant's Philadelphia counsel is not licensed to practice law in this jurisdiction. This factor weighs in Defendant's favor.

3) <u>Conflicts With Defendant's State</u>

This matter presents no conflict with the sovereignty of Pennsylvania. The Commonwealth of Pennsylvania has an interest in the outcome of this matter that is equal to that of California.

4) <u>California's Interest In Adjudicating The Suit</u>

Plaintiff is a Texas entity that issued a policy signed in Texas to a third party residing in California. The decedent died in Pennsylvania. This claim was filed from Pennsylvania and

---

15
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**

USDC SDCA Case #08cv0740

denied when Defendant was residing in Pennsylvania. California has no greater interests than Pennsylvania.

5) <u>Judicial Efficiency</u>

The Court must also consider which forum could most efficiently resolve this dispute. To make this determination we focus on the location of the evidence and witnesses. *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995). While some of the evidence and the potential witnesses reside in California and so therefore this factor may favor Plaintiff. However, that this factor is "no longer weighed heavily given the modern advances in communication and transportation." *Panavision International v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

6) <u>The Convenience And Effectiveness Of Relief Available To Plaintiff</u>

If California is not a proper forum, Plaintiff would be forced to litigate its claim in Pennsylvania. Plaintiff already has counsel in Pennsylvania for Defendant's Breach of Contract claim therefore presenting no inconvenience. This factor therefore weighs in favor of Defendant. However, even if the court should find it weighs in favor of Plaintiff, this factor is not of paramount importance. See, *e.g.*, *Dole Food Co.*, 303 F.3d at 1116; *Caruth*, 59 F.3d at 129. Moreover, the Pennsylvania action covers a broader array of issues that this matter.

7) <u>An Adequate Alternative Forum Exists</u>

The Plaintiff bears the burden of proving the unavailability of an alternative forum, *Core-Vent*, 11 F.3d at 1490, and Defendant cannot meet that burden here. The Eastern District of Pennsylvania provides an obvious alternative forum, *Cf. Piper Aircraft Co. v. Reyno*, 454 U.S.

---

16
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**
USDC SDCA Case #08cv0740

235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (noting for purposes of a forum non conveniens analysis that an alternative forum generally exists when Defendant is amenable to service of process in the foreign forum). This factor therefore favors Defendant.

### III. CONCLUSION

For the reasons set forth above, this Court should dismiss and/or transfer jurisdiction to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

Date:                                    BY: _____
                                         NIKETA EVERETT, PRO SE
                                         DEFENDANT

---

17
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**
USDC SDCA Case #08cv0740

Niketa Everett, Pro Se
Defendant
4238 Richmond Street
Philadelphia, PA  19137
Telephone: (215) 474-6623

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br>      Plaintiff,<br><br>v.<br><br>NIKETTA EVERETT and DOES 1-10,<br>      Defendants. | CASE NO.  08-cv-740<br><br>**CERTIFICATE OF SERVICE** |

I, Niketa Everett, hereby certify that a copy of the foregoing Motion was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

    Adrienne C. Publicover, Esquire
    525 Market Street, 17th Floor
    San Francisco, CA  94105

Philadelphia, Pennsylvania this 13th day of June, 2008.

_____
NIKETA EVERETT, PRO SE

---

18
**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTIONS**
USDC SDCA Case #08cv0740