1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   WILSON, ELSER, MOSKOWITZ,
2     EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California  94105
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Plaintiff
   **AMERICAN GENERAL LIFE**
6  **INSURANCE COMPANY**

7

8

9                 UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  AMERICAN GENERAL LIFE INSURANCE      )   CASE NO.      CV08-00740 W (JMA)
    COMPANY,                             )
13                                       )   **EX PARTE APPLICATION FOR**
                                         )   **ORDER TO EXTEND TIME**
              Plaintiff,                 )   **AVAILABLE TO RESPOND AND**
14                                       )   **CONTINUE HEARING ON**
        v.                               )   **PLAINTIFF'S MOTION TO**
15                                       )   **DISMISS; DECLARATION OF**
    NIKETTA EVERETT and DOES 1-10,       )   **LAWRENCE J. ROSE, ESQ.**
16                                       )
              Defendants.                )
17  _____)

18

19         Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY, hereby applies ex

20  parte for an extension of the time available to file and serve its Opposition to the pending Motion

21  to Dismiss of defendant, NIKETTA EVERETT, and to continue the hearing on said motion to

22  permit a complete response and allow for defendant's Reply Brief.

23         As grounds therefore, American General states that on June 16, 2008, counsel for

24  American General received by mail from plaintiff *pro se* Niketta Everett a motion to dismiss for

25  lack of personal jurisdiction, purportedly pursuant to Fed.R.Civ.P. 12(b)(2).   This document

26  consisted of a seventeen (17) page legal memorandum and approximately 225 pages of exhibits.

27                                              1
    **EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE**
28  **HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**
    USDC SDCA Case #CV08-00740 W (JMA)
    359722.1 #

1    However, these documents were not electronically filed, and did not appear on the official

2    electronic docket of this action for a week.

3            During the week of June 16, American General contacted the court on several occasions,

4    attempting to determine if defendant's motion had arrived and whether or not the court would

5    accept the documents for filing. On each occasion, American General was told that the United

6    States District Court had no record of any document ever being submitted by the defendant.

7            On June 19, 2008, in order to protect its interests and to obtain some certainty regarding

8    the status of the docket in this matter, American General filed a Request for Default of

9    defendant, Niketta Everett. On June 20, the Clerk of the Court entered default against defendant.

10           Yesterday, June 24, 2008, the court's Electronic Case Filing system gave notice that the

11   defendant had been granted *nunc pro tunc* relief, and that her motion had been filed,

12   retroactively, as of June 16.

13           Because of the confusion regarding the status of defendant's motion, including but not

14   limited to the Court's inability to confirm that any document had ever been received, the

15   defective form of the documents, and the Clerk's entry of default of this matter, it is no longer

16   possible for American General to prepare its Opposition to the motion, and serve it in a timely

17   manner by mail, out of state.

18           Therefore, because of the delay and the inherent prejudice to American General, it is

19   respectfully requested that the briefing schedule in this matter be extended, and that the hearing

20   on the pending motion be continued. Because of the impending Fourth of July holiday, and the

21   press of other business during the summer and school vacation periods, American General

22   requests that the matter be continued for at least two weeks, and preferably one month, such that

23   the Opposition brief would be due on Monday, July 28, and the hearing date would be set for

24   Monday, August 11, 2008.

25           Defendant and moving party has stated that oral argument is not required, and American

26   General expects to agree with that evaluation. No prior extension has ever been requested. Two

27                                                      2

28   **EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE
     HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**
     USDC SDCA Case #CV08-00740 W (JMA)
     359722.1 #

1   (2) telephone calls were place to Niketta Everett, but she was not available on either occasion

2   and did not respond to messages left on an answering machine.

3        Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY, therefore

4   respectfully requests that the filing deadlines and hearing schedule be continued, as specified

5   herein.

6   Dated:  June 25, 2008                    WILSON, ELSER, MOSKOWITZ,
                                              EDELMAN & DICKER LLP
7

8                              By:____/s/ Adrienne C. Publicover_____
                                       ADRIENNE C. PUBLICOVER
9                                      Attorneys for Plaintiff
                                       **AMERICAN GENERAL LIFE**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          3
     **EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE
28   HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**
     USDC SDCA Case #CV08-00740 W (JMA)
     359722.1 #

## DECLARATION OF LAWRENCE J. ROSE

I, LAWRENCE J. ROSE, declare:

1.      I am a Member of the Bar of this State and admitted to practice before the United States District Court for the Southern District of California.  For the purpose of this matter, I am affiliated with the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLLP, counsel of record for the plaintiff here.

2.      The defendant's motion to dismiss for lack of personal jurisdiction arrived at the Wilson Elser office here in San Francisco on June 16, 2008.  Because the document appeared to violate provisions of the Local Rules and the Court's electronic filing requirements, I used the Wilson Elser "PACER" account information to check the electronic docket in this matter to determine if the defendant's motion had been filed.  The document was not on file, and there was no indication that the document had ever been received.

3.      During that same week of June 16, I asked support staff here to re-check the electronic dock, and to phone the court clerk to see if there was any record that defendant's motion had been received.  On each instance, this office was informed that no response to American General's complaint had ever been received from plaintiff.

4.      Because, on one hand, the defendant had served a lengthy memorandum of law that was clearly prepared by a lawyer, and, on the other hand, we had been specifically informed that no motion had ever been received by the court, we had no idea what the true status of the defendant's response was.  Therefore, in order to protect American General and obtain some certainty, I suggested that we file a Request for A Default.  The Request was filed on June 19, and the Clerk entered the defendant's default the next day, June 20.

5.      It is respectfully submitted that the Clerk's office would _not_ have entered default if it had any information that the Court had defendant's motion papers in chambers and was considering granting her relief.  However, the Clerk's office continued to assure that no papers

---

4

**EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**

USDC SDCA Case #CV08-00740 W (JMA)
359722.1 #

1    had ever been received, and that none could be filed after the defendant's default had entered.

2    Therefore, I then turned attention to other matters.

3         6.        On Tuesday, June 24, when the Court's *nunc pro tunc* order issued, and again on

4    Wednesday, June 25, I telephone defendant Niketta Everett at the number she gave on her

5    pleadings here.  On both occasions, my call was picked up by an answering machine, and was

6    not returned.  Thus, we have been unable to determine if defendant has any opposition to this

7    request.

8         I declare under the penalty of perjury that the foregoing is true and correct, and that this

9    declaration was executed this 25th day of June, 2008, at San Francisco, California.

10

11                                          */s/ Lawrence J. Rose*
                                          Lawrence J. Rose

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          5
     **EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE**
28   **HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**
     USDC SDCA Case #CV08-00740 W (JMA)
     359722.1 #

1

**CERTIFICATE OF SERVICE**
*American General Life Insurance Company v. Niketta Everett, et al.*
*USDC SDCA Case #CV08-00740 W (JMA)*

2

3
    I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

4

5
    On this date I served the following document(s):

6
**EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**

7

8
on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

9

10
_____: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

11

12
_____: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

13
*XXXX*: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

14

15
_____: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

16

17
Niketta Everett
4238 Richmond Street
Philadelphia, PA 19137

18

19
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

20
    EXECUTED on **June 25, 2008**, at San Francisco, California.

21

22

23
_____
Nancy M

24

25

26

27

28
**EX PARTE APPLICATION FOR ORDER TO EXTEND TIME AVAILABLE TO RESPOND AND CONTINUE HEARING ON PLAINTIFF'S MOTION TO DISMISS; DECLARATION OF LAWRENCE J. ROSE, ESQ.**
USDC SDCA Case #CV08-00740 W (JMA)
359722.1 #