

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>NIKETTA EVERETT,<br><br>                    Defendant. | CASE NO. 08-CV-0740 W (JMA)<br><br>ORDER CONTINUING HEARING DATE ON PLAINTIFF'S MOTION TO DISMISS (Doc. No. 8) |
|---|---|

On April 23, 2008 Plaintiff American General Life Insurance Company ("Plaintiff") filed a complaint against Defendant Niketta Everett ("Defendant") seeking declaratory relief and rescission of a life insurance policy. (Doc. No. 1.) After Plaintiff returned an executed summons, Defendant had until June 18, 2008 to answer or otherwise respond to the complaint. (Doc. No 3.)

On June 16, 2008 the Clerk of the Court received by mail Defendant's, appearing *pro se*, motion to dismiss for lack of personal jurisdiction. (Doc. No. 7.) Defendant's motion was set for hearing on July 14, 2008. The Clerk's Office, however, did not immediately file the motion because of minor procedural defects.[1] Instead, the Clerk's Office forwarded the motion to Chambers for approval.

Also on June 16, 2008 Plaintiff, represented by experienced counsel, admits that

---



[1] Defendant's motion was not immediately filed because it: (1) violated Local Rule 5.4 by not being filed electronically; (2) violated Local Rule 7.1 for exceeding length restrictions; and (3) did not include an extra "Court Copy" of the complete document. (*See* Doc. No. 6.)

it received Defendant's motion. (*Lawrence Rose Decl.* ¶ 2.) Although it was aware of Defendant's arguments and the motion's hearing date, Plaintiff repeatedly called the Clerk's Office and Chambers inquiring as to when the motion would be posted to the docket. As Defendant's motion was in transit between the Clerks's Office and Chambers until late afternoon June 19, 2008, the Court had no information about delays in posting Defendant's motion.

On June 19, 2008 the Court received Defendant's motion in Chambers. Considering Defendant's substantial compliance, *pro se* appearance, and non-prejudicial nature of the Local Rules violations, the Court exercised its discretion and accepted Defendant's document *nunc pro tunc* June 16, 2008. The same day, the Court sent Defendant's motion back to the Clerk's Office for filing. Although the Clerk of the Court posted Defendant's motion on the docket on June 24, 2008, the responsive pleading was considered timely by the Court's Order signed June 19, 2008. (Doc. Nos. 6, 7.)

Also on June 19, 2008 Plaintiff, not seeing any responsive pleading on the docket, asked the Clerk of the Court to enter default, an extremely technical request considering that Plaintiff already possessed the *pro se* Defendant's motion to dismiss.[2] (Doc. No. 19.) On June 20, 2008, the Clerk of the Court entered default while Defendant's motion was in transit between Chambers and the Clerk's Office. (Doc. No. 5.) As mentioned above, on June 24, 2008 the Clerk of the Court posted Defendant's motion on the docket.

On June 25, 2008 Plaintiff moved *ex parte* for an extension of time to file a response to Defendant's motion to dismiss, which the Court had previously ordered timely. (Doc. No. 8.) Under the current hearing date of July 14, 2008, Plaintiff's opposition brief would be due June 30, 2008. <u>See</u> S.D. Cal. Civ. R. 7.1(e)(2). Given the peculiar administrative delay in accepting and posting this particular motion, a

---

[2] Plaintiff's counsel declares that Defendant's motion was "clearly prepared by a lawyer." (*Lawrence Rose Decl.* ¶ 4.) Although Defendant's motion appears well-formatted, Plaintiff's counsel fails to point to anything more substantive to support this observation.

small extension of time is certainly reasonable.

Plaintiff, however, requests that the hearing date be continued between two and four weeks. Such a request is unreasonable. Since June 16, 2008 Plaintiff has been on notice that Defendant was moving to dismiss the suit for lack of personal jurisdiction and also aware that Plaintiff's motion would be heard on July 14, 2008. Had the Clerk of the Court filed Defendant's motion the same day, Plaintiff would have had all the time due under the Local Rules. Plaintiff's arguments regarding its efforts in moving for default cannot be considered seriously given that Plaintiff already had Defendant's motion in hand.

Even giving Plaintiff every benefit of the doubt, and assuming that Plaintiff was unsure of the motion's viability until June 24, 2008, Plaintiff would only be due an eight day extension of time in which to oppose. Any further extension risks prejudicing Defendant. For the above reasons, the Court **GRANTS** Plaintiff's *ex parte* application for an order extending time to respond to Defendant's motion and **CONTINUES** the hearing date until **July 22, 2008**. Plaintiff shall have until **July 8, 2008** to file and serve an opposition. Defendant shall have until **July 15, 2008** to file and serve a reply. The parties are reminded that further phone contacts with the Court should be limited to calendaring motions.

IT IS SO ORDERED.

Dated: June 30, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California