1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   WILSON, ELSER, MOSKOWITZ,
2      EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California  94105
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Plaintiff
   **AMERICAN GENERAL LIFE**
6  **INSURANCE COMPANY**

7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12  AMERICAN GENERAL LIFE INSURANCE          )    CASE NO.      CV08-00740 W (JMA)
    COMPANY,                                 )
13                                           )    **AMERICAN GENERAL LIFE**
                                             )    **INSURANCE COMPANY'S**
14              Plaintiff,                    )    **OPPOSITION TO DEFENDANT'S**
                                             )    **MOTION TO DISMISS PURSUANT TO**
15        v.                                 )    **FED.R.CIV.P. 12(b)(2)**
                                             )
16  NIKETTA EVERETT and DOES 1-10,           )    **ORAL ARGUMENT REQUESTED**
                                             )
17              Defendants.                  )    Hearing Date:   July 22, 2008 (Rescheduled
                                             )    per Court's Order of June 30, 2008)
18                                           )

19

20

21

22

23

24

25

26

27
    ─────────────────────────────────────────────────
28              **AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
    **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
    USDC SDCA Case #CV08-00740 W (JMA)
    362290.2

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ............................................................. 1

II.   STATEMENT OF FACTS .................................................... 2

III.  LEGAL ARGUMENT ........................................................ 5

    A.    STANDARD OF REVIEW .............................................. 5

    B.    DEFENDANT NIKETTA EVERETT, AS ADMINISTRATRIX OF
        SAMUEL M. EVERETT'S ESTATE, IS SUBJECT TO CALIFORNIA
        JURISDICTION ........................................................ 5

    C.    DEFENDANT NIKETTA EVERETT, IN HER OWN RIGHT, IS
        SUBJECT TO CALIFORNIA JURISDICTION ............................ 7

        a.    Defendant Niketta Everett, by witnessing her husband's material
            misrepresentation on his insurance application and still signing an
            amendment to the policy engaged in affirmative conduct which
            involved her in the insurance transaction in California. .............. 8

        b.    American General Life's claims arise out of or relate to the
            defendant's forum related conduct. ................................. 12

        c.    The exercise of personal jurisdiction over defendant Niketta
            Everett is reasonable. ............................................... 12

IV.   CONCLUSION ............................................................ 14

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

**PAGE**

3

AT&T v. Compangnie Bruxelles Lambert
94 F.3d 1082 (9th Cir. 2000) ............................................................. 5

4

Brainerd v. Governors of the University of Alberta
5     873 F.2d 1257 (9th Cir. 1989) ............................................................. 9

6

Briggs v. Briggs
7     2008 U.S. Dist. LEXIS 31854 (SD Calif. 2008) .................................... 5, 8, 13

8     Burger King Corp. v. Rudzewicz
471 U.S. 462 (1975) ............................................................................ 9, 14

9

Calder v. Jones
465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984) ....................... 7, 9
10

11    Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Co.
9077 F.2d 911 (9th Cir. 1990) .............................................................. 5

12    Fields v. Sedgwick Associate Risks, Ltd.
796 F.2d 299 (9th Cir. 1986) ................................................................ 5
13

14    Helicopteros Nacionales de Columbia, S.A. v. Hall
466 U.S. 408, 104 S. Ct. 1968, 80 L. Ed. 2d 404 (1984) ....................... 9

15    International Shoe Co. v. Washington
326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945) ................................. 6, 7
16

17    Kahn v. Sprouse
1993 U.S. Dist. LEXIS 2156 ................................................................ 7

18    Kulko v. California Superior Court
436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978) ........................... 10
19

20    Menken v. Emm
503 F.3d 1050 (9th Cir. 2007) .............................................................. 8, 12, 13

21    Mueller v. Mueller
2002 U.S. Dist. LEXIS 3457 (N.D. I11. 2002) ....................................... 11
22

23    Paccar International Inc. v. Commercial Bank of Kuwait, S.A.K.
757 F.2d 1058 (9th Cir. 1985) .............................................................. 10

24    Roth v. Garcia
942 F.2d 617, 621 (9th Cir. 1991) ........................................................ 8
25

26    Tuazon v. R.J. Reynolds Tobacco
433 F.3d 1163, 1177 (9th Cir. 2006) .................................................... 13

27

28

ii

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

USDC SDCA Case #CV08-00740 W (JMA)
362290.2

Worldwide Volkswagen Corp. v. Woodson
444 U.S. 286 (1980) ................................................................................... 9

## STATE CASES

PAGE

Mitsui Manufacturers Bank v. Tucker
199 Cal.App.3d 428 (1984) ........................................................................ 5

## STATE STATUTES

PAGE

Cal. Civ. Proc. Code § 410.10 ................................................................... 6

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

## I.     **INTRODUCTION**

In 2005, defendant Niketta Everett lived in Lemon Grove, California, with her husband. They were each an owner in four different San Diego-based business, and officers in a separate California corporation, based in Lemon Grove.   Her husband applied for One Million Dollars ($1,000,000) of life insurance, and named her as the beneficiary.   However, he grossly inflated the income of their co-owned businesses in order to justify such a large insurance purchase, and omitted his several previous felony convictions, which were known to her.   The defendant served as a witness to the policy application, and now admits that the documents her husband signed were not truthful.   Nevertheless, she claims that she is still entitled to the policy proceeds because the servicing agent – a California citizen – and the paramedical examiner – a California citizen – lied *to her* about what information was required for the application form.   And now, even though all of these events occurred here, and the innocent, disinterested witnesses reside here, and California law controls the insurance contract that her husband entered here, Everett claims that California courts have no power over her, and all these issues should be sorted out somewhere else.

Defendant's claims are wrong as a matter of law, and her motion must be denied on two separate grounds.   First, she is the Administratrix of her husband's estate, and therefore amenable to suit in California as the legal representative of a person who entered into a contract and committed fraud in California.   Further, she is subject to suit in her individual capacity, as one who purposefully availed herself of the benefits of living in California by doing business generally and by applying for One Million Dollars of life insurance, and by participating in a fraud in that application process.

\\\
\\\
\\\
\\\
\\\

---

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

## II.     STATEMENT OF FACTS[1]

On May 5, 2005, American General Life issued Life Insurance Policy No. YMA0086144 (hereinafter "the Policy") with a face amount of $1,000,000.00 to Samuel M. Everett upon his written application for life insurance. (*See* Defendant's Moving Papers at page A-12 (hereafter, "MP at __.")) Less than a year later, in March, 2006, Samuel M. Everett died from a gunshot wound to the head. (MP at 9, lines 15-16.) As his death occurred within the two (2) year contestable period provided for in the Policy, American General Life undertook a routine contestable period investigation. (MP at B-51.)

During this investigation, American General Life learned that Samuel M. Everett knowingly made misrepresentations on his written application for life insurance which were material. Specifically, the investigation revealed that contrary to Samuel M. Everett's denial of any criminal conviction or guilty plea of a felony on his life insurance application, he had been convicted of assault with intent to murder on June 2, 1993 and that he also pled guilty to manufacturing, delivery and possession with intent to distribute a controlled dangerous substance and criminal conspiracy on January 17, 2001. In addition, contrary to Samuel M. Everett's stated income of $60,000.00 and a total household income of $100,000.00 on the life insurance application, his tax return for 2004 stated a total income of *negative* $2,627. It is clear that had American General Life known the truth regarding Samuel M. Everett's criminal background and income, it would not have issued the Policy. (*See* American General Life correspondence, November 20, 2006, MP at B-52-53 and C-122-123.)

Unequivocally, the Policy was applied for, issued, and delivered in California.[2] At the time that Samuel M. Everett signed the life insurance application and made his material

---

[1]     Although the defendant has signed moving papers herself and submitted them to the Court as if she were in *pro se*, it is clear that she is receiving assistance from an attorney somewhere. That attorney, however, does not seem to be familiar with California practice, and thus defendant's motion includes a separate document that consists of *allegations* that she uses as if they were facts that support her motion. Those allegations that actually bear on the present motion are addressed in this section of American General Life's opposition, based on facts that appear in the documents that defendant submitted, or in the Declaration of Adrienne C. Publicover filed and served herewith. To the extent that might be necessary, American General Life hereby denies all of the allegations contained in defendant's "motion" document except those that are specifically admitted herein.

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

misrepresentations concerning his criminal history and his income to American General Life, he and defendant were residing in California. The Authorization and Signature section of Part A of the completed "Term Insurance Application Part A - California Version" signed by Samuel M. Everett reads in part:

> I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if (1) it is within the contestable period; and (2) such misrepresentation materially affects the acceptance of the risk.

(*See* MP at A-37-39, Term Insurance Application Part A - California Version) This was witnessed by Burton Gavzer, the servicing agent, who resides in California. (*See* Declaration of Adrienne C. Publicover at Exhibit F (insurance licensure information).) Samuel M. Everett then underwent a paramedical health examination for life insurance in California and signed Part B of the application. (*See* MP at A-40-43 (Part B Life Insurance Application).) Apparently, this is where the paramedical examiner, also a California resident, allegedly told Mr. Everett, in the presence of his wife, that he need not disclose his past criminal history. (*See* MP at B-6, ¶ 25 (Niketta Everett's Complaint, filed on May 23, 2008 in the USDC for the Eastern District of Pennsylvania, 2:08-CV-02426-MMB).) On that basis, and despite the fact that Part A of the Application specifically states that "no agent may: accept risks or pass upon insurability; make or modify contracts; or waive any of the insurers' rights and requirements," (*see* MP at A-37-39, B-12-13, and C-49-51), defendant Everett claims that she is still entitled to the life insurance policy proceeds.[3]

---

[2]     In fact, the Policy still remains in California and defendant has indicated that she intends on providing American General Life with the original policy when she is able to return to California. (*See* Niketa Everett's four (4) page written statement dated April 14, 2006 and attached hereto as Exhibit "C" to the Declaration of Adrienne Publicover.)

[3]     Further, defendant Niketta Everett has repeatedly admitted that she was aware of the misrepresentations that her husband made on the application and that she was allegedly present during the paramedical examination. Nevertheless, she signed an Amendment of Application as a witness to her husband's adoption of all his prior untruths. (*See* MP at A-27, B-46 and C-117.)

3

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

1    During the application process, Niketta Everett lived with her husband in Lemon Grove,

2  California. (_See_ Declaration of Adrienne C. Publicover, at Ex. C). Together with her husband, she

3  was an owner of at least four (4) businesses: Learning Solutions, Learning Solutions Limited

4  Partnership, Pioneer Day School, and Pioneer Learning Center. (_See_ Declaration of Adrienne C.

5  Publicover, at Ex. D). Further, she was an officer of Everstrong & Associates Investment

6  Corporation, a/k/a Everstrong Investment Corporation, a California corporation existing under the

7  laws of the State of California with a registered business address of 7940 Blossom Lane, Lemon

8  Grove 91945 and a second address of 1320 Santa Cora Avenue, Chula Vista, CA 91913. (_Id._)

9  And, premiums for the life insurance policy were to be paid pursuant to a Bank Draft Authorization

10  from a checking account bearing the Lemon Grove address. (_See_ Declaration of Adrienne C.

11  Publicover, at Ex. A).

12    Later, after a dispute over the validity of her husband's policy arose, defendant Everett

13  wrote a letter of explanation to American General Life. (_See_ Declaration of Adrienne C.

14  Publicover, at Ex. C). She gave her address as Chula Vista, California, which she described as her

15  husband's business address, and stated, **"When I return to California, I will be living (there)."**

16  (_Id._, page 1, at line 04-05.) She added, **"When I go back to California, I will be living at the**

17  **Chula Vista address. I can be reached at my cell phone - # 619-384-xxxx."** (_Id._, page 3, at line

18  03-06.)

19    Nevertheless, after American General Life filed the present declaratory relief action to

20  determine the rights and liabilities of the parties, defendant Everett filed a separate action in the

21  United States District Court for the Eastern District of Pennsylvania for breach of contract and that

22  jurisdiction's version of "bad faith." (_See_ MP at A-1, Complaint, 2:08-cv-02426-MMB.)

23  American General Life has responded by filing a motion to dismiss or transfer the Pennsylvania

24  action here to California. (_See_ Declaration of Adrienne C. Publicover, at Ex. G.)

25    California is the proper and logical forum since California law applies to the policy, and

26  Mr. Everett made his material misrepresentations to American General Life in California. Further,

27

28

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

1  Ms. Everett's own statements demonstrate that she was a _citizen_ of California at the time that the

2  insurance contract arose and after her husband's death – she admits that was domiciled in

3  California _and intended to return to California_ – and kept her California cell phone number for that

4  purpose.  Plainly, she also availed herself of the benefits of California in her numerous business

5  dealings, and her insistence that she is entitled to benefits under the California-issued policy.

6  Finally, California is also where all the pertinent independent witnesses are – specifically the

7  alleged fraudfeasors, the servicing insurance agent and the paramedical examiner.  For all of these

8  reasons, the defendant's motion must be denied.

9  III.    <b>LEGAL ARGUMENT</b>

10  <b>A.    STANDARD OF REVIEW</b>

11   The plaintiff bears the burden of establishing personal jurisdiction on a motion to dismiss a

12  complaint for lack of personal jurisdiction.  <u>Briggs v. Briggs</u>, 2008 U.S. Dist. LEXIS 31854, *6-7

13  (SD Calif. 2008), <u>citing</u>, <u>Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.</u>, 9077 F.2d 911,

14  912 (9th Cir. 1990).  However, if there is to be no evidentiary hearing, the plaintiff need only make

15  a prima facie showing of jurisdictional facts to satisfy this burden.  <u>Id</u>. at *7.  Thus, uncontroverted

16  allegations in the record must be taken as true.  <u>Id</u>., <u>citing</u>, <u>AT&T v. Compagnie Bruxelles</u>

17  <u>Lambert</u>, 94 F.3d 1082, 1087 (9th Cir. 2000).  <u>See also</u>, <u>Fields v. Sedgwick Assoc. Risks, Ltd.</u>, 796

18  F.2d 299, 301 (9th Cir. 1986).  Consequently, in order to defeat dismissal, American General Life

19  need only make a prima facie showing of personal jurisdiction.

20  <b>B.    DEFENDANT NIKETTA EVERETT, AS ADMINISTRATRIX OF SAMUEL M. EVERETT'S ESTATE, IS SUBJECT TO CALIFORNIA JURISDICTION</b>

21

22   As an initial matter, it is clear that Niketta Everett is subject to the jurisdiction of this court

   as Administratrix of Samuel M. Everett's estate.[4]  In <u>Mitsui Mfrs. Bank v. Tucker,</u>, 152 Cal.App.3d

23  428 (1984), a California bank brought suit against an Arizona citizen in her capacity as

24  administratrix seeking to recover on a loan from the bank to the decedent.  <u>Id</u>. at 518.  The court

25

26  ---

   [4]    _See_ Declaration of Adrienne C. Publicover, at Ex. E, Letters of Administration dated March 11, 2006, as

27  submitted to American General Life by her Pennsylvania counsel.

5

28  <b>AMERICAN GENERAL LIFE INSURANCE COMPANY'S</b><br/><b>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)</b>

USDC SDCA Case #CV08-00740 W (JMA)

362290.2

1   relied on the California "long arm" statute, Cal. Civ. Proc. Code § 410.10, to find jurisdiction over

2   the non-resident administratrix, holding that although the statute did not specifically discuss suits

3   against personal representatives, it set the jurisdictional reach as far as constitutionally allowable.

4   _Id._  Further, the court determined that the modern rule for representatives was that "an action may

5   be maintained against a foreign executor or administrator upon a claim against the decedent when

6   the local law of the forum authorizes suit in the state against the decedent during his lifetime

7   because of the existence of a basis of jurisdiction other than mere physical presence." _Id._ at 519.

8   Moreover, the court ruled that "taking jurisdiction of foreign representatives when their decedents

9   had adequate minimum contacts with the forum has repeatedly been held constitutional." _Id._  The

10  court determined that the Tucker decedent had adequate minimum contacts with the forum state as

11  he entered into a California contract, resided there, and ran a California business. _Id_. at 519, citing,

12  International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1945).

13          In the instant case, there is no doubt that Samuel M. Everett had minimum contacts with

14  California.  He entered into the life insurance contract in California, signed the application in

15  California, submitted to a paramedical examination in California, and the policy was delivered to

16  him and the defendant in California.  He also resided in California and operated businesses in

17  California.  Most importantly, he made all his material misrepresentations in his life insurance

18  application in California and allegedly made admissions regarding his knowing misrepresentation

19  to a paramedical examiner in California.  Clearly, Samuel M. Everett purposefully availed himself

20  of the benefits of this jurisdiction.

21          American General Life submits that its evidence here establishes that Niketta Everett had,

22  and does have, sufficient contacts with California so as to support the imposition of personal

23  jurisdiction.  Nevertheless, in order to resolve this issue in its entirety, American General Life will

24  move the court for leave to amend the complaint to name Niketta Everett as a defendant in her

25  representative capacity as the Administratrix.  Under Mitsui, that technical change in the pleadings

26

27

28

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

will resolve this issue and establish personal jurisdiction over the defendant in California.   The pending motion, therefore, should be denied.

## C.   DEFENDANT NIKETTA EVERETT, IN HER OWN RIGHT, IS SUBJECT TO CALIFORNIA JURISDICTION

At the outset, there can be no real dispute that Niketta Everett was a California resident at the time that her husband applied for and received life insurance.   As her explanation letter to American General Life reveals, she had established residence in Lemon Grove by the time her husband completed the application, and intended to return to Chula Vista as soon as she could after this death.   She kept a cell phone number with a "619" area code, and continued to store important possessions – like the life insurance policy itself – in San Diego.   As a California citizen before, during and after every salient event, she certainly amenable to suit here now that a dispute has arisen.

Moreover, even if she is no longer a citizen of California, a California court is still permitted to exercise personal jurisdiction over a nonresident defendant to the constitutional limits of the due process clause of the Fourteenth Amendment pursuant to our state's long-arm statute. Kahn v. Sprouse, 1993 U.S. Dist. LEXIS 2156, *5 (N.D. Cal. 1993, citing, Calder v. Jones, 465 U.S. 783, 787, n.5 (1984) (California's jurisdiction is as broad as the Constitution permits" and is "coextensive with that permitted by due process.").   Due Process requires that there be certain minimum contacts with the forum such that the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1945).

The Ninth Circuit exercises specific personal jurisdiction under a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

(3)   the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).

> **a.    Defendant Niketta Everett, by witnessing her husband's material misrepresentation on his insurance application and still signing an amendment to the policy engaged in affirmative conduct which involved her in the insurance transaction in California.**

The test for "purposeful availment" in a contract action typically involves inquiries into whether a defendant purposefully availed himself or herself of the privilege of conducting activities or consummating a transaction in the forum, focusing on activities such as delivering goods or executing a contract. Briggs, 2008 U.S. Dist. LEXIS 31854 at *14, citing, Menken, 503 F.3d at 1057. "With regard to contract cases, although a contract with a California resident alone is insufficient, purposeful availment is satisfied when most of the work called for by the contract was performed in the forum." Id. at *14, citing, Roth v. Garcia, 942 F.2d 617, 621 (9th Cir. 1991). There is no doubt that most if not all of the "work" called for by the insurance contract occurred or was performed in the forum.   As mentioned, Samuel M. Everett made all his material misrepresentations in his life insurance application in California, allegedly made admissions regarding his knowing misrepresentation to a paramedical examiner in California, signed the application in California, and the Policy was delivered to him and the defendant in California.

Moreover, as she admits in her Pennsylvania Complaint, defendant Everett inserted herself into the center of her husband's insurance transaction: she knew of her husband's misrepresentations regarding his criminal record, and supported his misrepresentations by signing the Amendment of Application.   Thus, Defendant Niketta Everett was involved in the misrepresentation in California, and she cannot now seek to avoid the forum's jurisdiction by relying upon the fact that she currently resides in Pennsylvania.   She must have known that if the misrepresentations were discovered while they were in California, she would be subject to California's jurisdiction.   Therefore, there would be no surprise then if she was "haled into court" in California in connection with that conversation and the resulting misrepresentations that were

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

1  then perpetrated upon American General Life. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462,

2  474 (1975). <u>See</u> <u>also</u> <u>Worldwide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

3      "The purposeful availment prong is satisfied when a defendant takes deliberate actions

4  within the forum state or creates continuing obligations to forum residents." <u>Burger King</u>, 105

5  S.Ct. at 2184. Stated another way, the "effects" test for purposeful availment– derived from <u>Calder</u>

6  <u>v. Jones</u>, 465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984) – may be satisfied if the defendant

7  is alleged to have (1) committed an intentional act; (2) expressly aimed at the forum state; (3)

8  causing harm.    Physical presence within the forum is not required for jurisdiction when the

9  defendant has "purposefully directed" her acts towards the forum. <u>Id</u>. "It is the quality of these

10 contacts...and not the quantity, that confers personal jurisdiction over a defendant." <u>Brainerd v.</u>

11 <u>Governors of the Univ. of Alberta</u>, 873 F.2d 1257, 1259 (9th Cir. 1989) (holding that a single phone

12 call received from Arizona warranted personal jurisdiction where defendant tortiously interfered

13 with plaintiff's contract relations in Arizona by telling employer that plaintiff had misused federal

14 funds).  Thus, in the instant case, defendant Niketta Everett is subject to personal jurisdiction for

15 the activities she conducted in California during the time the misrepresentations were made and

16 while she was a resident here – including owning at least four (4) businesses and being an officer

17 of a California corporation.  In addition, defendant still apparently maintains contacts in California

18 as the pertinent insurance policy still resides at a place in California where she has access and

19 apparent control.

20     The cases cited by the defendant in support of her contention that she was not subject to

21 California's jurisdiction apply <u>only</u> to a defendant whose activities are unrelated or not involved in

22 the dispute in the forum.  In <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408,

23 416-417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the defendant, a Columbian corporation, merely

24 accepted checks drawn from a Texas Bank.  The court held that the fact that the plaintiff paid

25 defendant by checks drawn from a Texas account does not give Texas courts jurisdiction over the

26 defendant for merely accepting the checks.  <u>Id</u>.  In contrast, the instant case involved active

27

28

---

9

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

1  misrepresentations in California.  It was not simply an acceptance of a policy issued from a random

2  state, Samuel M. Everett resided in California, used the business account for the Policy, made the

3  choice to apply for a policy there, and made his misrepresentations there.  Clearly, Niketta Everett

4  is not a disinterested party.  She stood to gain substantially by her husband's misrepresentations.

5      Defendant also cites to <u>Kulko v. California Superior Court</u>, 436 U.S. 84, 93-94, 98 S.Ct.

6  1690, 56 L.Ed.2d 132 (1978), for support that this court does not have personal jurisdiction over

7  her.  In <u>Kulko</u>, a California court found that it did not have personal jurisdiction over a defendant

8  who had no other contacts with the forum other than the fact that his ex-wife chose to live there

9  with their children.  Although defendant Niketta Everett wants to liken herself to the defendant in

10  <u>Kulko</u>, that defendant never lived in California and was never involved in any purposeful action in

11  California.   In the instant case, while defendant Niketta Everett was living in California for

12  admittedly more than a year, she was jointly involved with several businesses with her husband,

13  she observed her husband's material misrepresentations in his life insurance application but signed

14  as a witness to that application anyway, and now alleges that her husband relied upon

15  conversations with the paramedical examiner in California who allegedly told him it was

16  permissible not to disclose his criminal record.   These are not the actions of an uninvolved,

17  innocent or disinterested defendant.  She knowingly gained substantially by being silent during the

18  deliberate misrepresentations committed by her husband.

19      Defendant Niketta Everett also tries to argue that she has a passive beneficial interest in the

20  insurance policy at issue which does not satisfy the purposeful availment requirement.  She cites to

21  <u>Paccar Int'l Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1063 (9th Cir. 1985) in

22  support.  <u>Paccar</u> involves a defendant who is the beneficiary of a line of credit from a California

23  bank.  <u>Id</u>. at 1061.  The court initially found that the defendant was not subject to personal

24  jurisdiction for merely being the beneficiary of the line of credit from a California bank.  <u>Id</u>. at

25  1062-63.  However, when the defendant attempted to fraudulently draw upon the line of credit, the

26  court found that the defendant was subject to California jurisdiction for perpetrating an allegedly

27

28

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

1    fraudulent act in California. _Id_. at 1064. Hence, the defendant was no longer merely a passive

2    beneficiary of a line of credit. Now the defendant was actively perpetrating a fraud upon the

3    plaintiff just as defendant and Samuel M. Everett have done to American General Life. The only

4    reason that the court eventually found that there was no personal jurisdiction over the defendant is

5    that it found that the exercise of jurisdiction in California was not reasonable. _Id_. at 1065-1066.

6    Clearly though, the court did find that the first two (2) prongs for satisfying specific jurisdiction

7    had been met because a fraudulent act was alleged to have been committed in California. _Id_.

8         Defendant Niketta Everett next cites to an Illinois case which is also distinguishable. See,

9    Mueller v. Mueller, 2002 U.S. Dist. LEXIS 3457, *9-10 (N.D. Ill. 2002) Mueller involved a

10   divorce in which the decedent promised in his divorce decree to obtain and maintain life insurance

11   naming his former wife as the beneficiary in trust for their children. _Id_. at *2-3. However, the

12   decedent instead named his current wife as beneficiary to the policy. _Id_. at *3-4. The former wife

13   instituted suit in Illinois, where she resided, against her ex-husband's wife who was a resident of

14   Florida. _Id_. at *4-5. The court refused to find personal jurisdiction over the beneficiary wife

15   because there was no evidence and no allegation that she was aware of that her husband had

16   breached an agreement to provide insurance proceeds to his ex-wife. _Id_. at *8-9. Contrarily, in the

17   instant case, Mrs. Everett was aware of her husband's misrepresentations and seeks to benefit from

18   it. She affirmatively promoted the transaction of business within the state of California even

19   knowing that her husband made material misrepresentations. As her claims under the Policy arise

20   directly out of her contacts and activities within the state of California, plaintiff could reasonably

21   be subjected to personal jurisdiction therein. Furthermore, extending jurisdiction over the plaintiff

22   comports with traditional notions of fair play and substantial justice, since from a foreseeability

23   standpoint, at the time the contract was entered into all of the parties, including Niketta Everett,

24   could have reasonably foreseen that the jurisdictional forum for a claim made under the Policy

25   would be the State of California where she was an owner of several businesses and an officer of a

26

27

28

---

11

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

California corporation. Thus, the first prong requiring purposeful availment or purposeful direction of activities at the forum is satisfied by the instant facts.

**b.    American General Life's claims arise out of or relate to the defendant's forum related conduct.**

Under the second prong, a plaintiff's claim must arise out of defendant's forum related activities. This prong is satisfied by the "but–for" test in the Ninth Circuit. <u>Menken</u>, 503 F.3d at 1058. In the instant case, American General Life can show that but for defendant Niketta Everett and her husband's material misrepresentations in California, plaintiff would not have issued the Policy and be subjected to this fraudulent claim.

**c.    The exercise of personal jurisdiction over defendant Niketta Everett is reasonable.**

Under the third prong, the court analyzes whether the exercise of jurisdiction would be reasonable. The Ninth Circuit analyzes seven factors in making this determination:

> (1) the extent of the defendants' purposeful interjection in the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

<u>Menken</u>, 503 F.3d at 1058.

As previously stated, defendant's business activities, knowledge, involvement, and actions in her husband's misrepresentations are a purposeful interjection into California's affairs. American General Life has made a prima facie showing that defendant's actions were directed in and at California. Plaintiff has shown that defendant Niketta Everett and her husband Samuel Everett were residents of California at the time that Mr. Everett applied for life insurance, owners and officers of California business and that Mr. Everett submitted to a paramedical examination to obtain life insurance in California, made misrepresentations on the application, and accepted the policy, all in California. Thus, the defendant's actions were clear interjections into California's affairs and thus the first factor weighs in favor of asserting jurisdiction.

---

12

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

The second factor slightly favors defendant, however, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." Briggs, 2008 U.S. Dist. LEXIS 31854 at *18-19, citing, Menken, 503 F.3d at 1060.

The third factor is neutral as there is no indication that litigation in California would conflict with the sovereignty of Pennsylvania. Id. at *19, citing, Tuazon v. R.J. Reynolds Tobacco, 433 F.3d 1163, 1177 (9th Cir. 2006) (this factor often involves conflicts with foreign nations).

The fourth factor weighs in favor of American General Life, as the contract was entered into in California, delivered in California, the misrepresentations took place in California, and because California law will apply to the contract at issue. California has a judicial and economic interest in protecting against misrepresentations and fraud on life insurance policies entered into in that forum. California has more interest than any other jurisdiction in deciding this controversy. Moreover, defendant was a citizen of California at all material times to the application for the policy, and an owner and officer of California businesses. Also, California law will apply to the policy contract and the misrepresentations and thus the California courts will have more familiarity with their applicable state law in this controversy.

The fifth factor certainly weighs in favor of the plaintiff as the "uninterested" witnesses to Samuel M. Everett's material misrepresentations reside and are located in California. Burton Gavzer, the servicing agent who witnessed Samuel M. Everett's life insurance application resides in California. The paramedical examiner, Marcia Floyd, is a key witness to Mr. Everett's misrepresentations and perhaps even an indispensable party to the litigation, and also resides in California. Lastly, the original policy and any supporting documents are located in California.

The sixth factor also weighs in favor of plaintiff since plaintiff's choice of forum generally should not be disturbed and that the claims at issue occurred in California. Litigating in the forum where the witnesses are located and where the misrepresentation occurred and where the Policy was issued and delivered is most convenient to the plaintiff.

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SCDA Case #CV08-00740 W (JMA)
362290.2

1    The seventh factor is neutral as this case could be litigated in Pennsylvania as well,

2 although less efficiently and effectively in view of the location of witnesses and the fact that

3 California law will apply.

4    As the majority of the seven factors overwhelmingly favor the exercise of personal

5 jurisdiction over defendant in California, jurisdiction is reasonable.

6                         **IV.    <u>CONCLUSION</u>**

7    Defendant Niketta Everett is the personal representative of an individual who had

8 inarguably submitted himself to the jurisdiction of California courts by applying for and entering

9 into a life insurance contract in California; on that point, the law is clear.  American General Life

10 has stated its willingness to reconcile the pleadings with defendant Everett's status, and on that

11 basis alone her motion here must be denied.  Moreover, Everett is subject to California jurisdiction

12 in her own right, because she inserted herself in to her husband's fraud his life insurance

13 application while they were residing in California; because she knowingly signed as the witness to

14 his adoption of all his misrepresentations,  her acts were enough to purposefully avail herself of the

15 jurisdiction of California.

16    American General Life has satisfied its burden of a prima facie showing that this court has

17 personal jurisdiction over defendant Niketta Everett.  However, Niketta Everett has failed to

18 present "a compelling case that specific jurisdiction would be unreasonable."  <u>Burger King</u>, 471

19 U.S. at 472.   Indeed, as the independent fact witnesses are all here in California, it is the

20 defendant's attempt to force this matter to some other jurisdiction that is actually unreasonable.

21 The defendant's motion should be denied, and this dispute should be resolved where it began – in

22 California.

23 Dated:  July 8, 2008              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

24

25                         By:___ */s/ Adrienne C. Publicover*_____
                                ADRIENNE C. PUBLICOVER
26                              Attorneys for Plaintiff
                                **AMERICAN GENERAL LIFE INSURANCE COMPANY**
27

28

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2

**CERTIFICATE OF SERVICE**

*American General Life Insurance Company v. Niketta Everett*
*USDC SDCA Case #CV08-00740 W (JMA)*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

| | |
|---|---|
| Niketta Everett<br>4038 Richmond Street<br>Philadelphia, PA 19137<br><br>*Defendant in Pro Se* | Bruce L. Neff, Esq.<br>BRUCE L. NEFF & ASSOCIATES<br>1500 John F. Kennedy Blvd.<br>Philadelphia, PA 19102<br>Tel:   (215) 564-3331<br><br>*With a courtesy copy to attorneys for Niketta Everett in Pennsylvania:* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **July 8, 2008** at San Francisco, California.

_____
Nancy Li

15
**AMERICAN GENERAL LIFE INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**
USDC SDCA Case #CV08-00740 W (JMA)
362290.2