# Exhibit A

361186

Burton Gavzer
YMA0086144

## BANK DRAFT AUTHORIZATION

[X] American General Life Insurance Company, Houston, TX    [ ] The United States Life Insurance Company in the City of New York, New York, NY

The company checked above will withdraw the premiums from the specified account. This insurance company will be referred to hereafter as "Company". "You", "your", "I", and "me" refer to the bank account owner whose name appears below.

**How Automatic Bank Draft Works:** Automatic bank draft is a debit service that offers a convenient way to pay life insurance premiums. The Company will collect the life insurance premiums from your bank account electronically – you do not need to write checks or mail in any payments. Premium withdrawals will appear on your bank statement, and your statements will be your receipts for payment of your premium.

### Automatic Bank Draft Agreement

I hereby authorize and request the Company to initiate electronic or other commercially accepted-type debits against the indicated bank account in the depository institution named ("Depository") for the payment of premiums and other indicated charges due on the insurance policy, and to continue to initiate such debits in the event of a conversion, renewal, or other change to any such contract(s). I hereby agree to indemnify and hold the Company harmless from any loss, claim, or liability of any kind by reason or dishonor of any debit.

I understand that this authorization will not affect the terms of the contract(s), other than the mode of payment, and that if premiums are not paid within the applicable grace period, the contract(s) will terminate, subject to any applicable nonforfeiture provision. I acknowledge that the debit appearing on my bank statement shall constitute my receipt of payment, but no payment is deemed made until the Company receives actual payment.

I agree that this authorization may be terminated by me or the Company at any time and for any reason by providing written notice of such termination to the nonterminating party and may be terminated by the company immediately if any debit is not honored by the depository named for any reason.

This must be dated and signed by the bank account owner(s) as his/her name appears on bank records for the account provided on this authorization.

Financial Institution Name __US BANK__

Financial Institution Address _____ City, State _____ ZIP _____

Routing Number [ 1 2 2 2 3 5 8 2 1 ]

Account Number [ 1 5 3 4 3 5 8 5 6 2 4 ]

Type of Account: [ ] Checking [ ] Savings    Credit Union: [ ] yes [ ] no

Name of Proposed Insured ____Samuel M Everett____    Premium Amount $ _____

Frequency: [ ] Annual [ ] Semi-annual [ ] Quarterly [X] Monthly

Preferred Withdrawal Date (1st-28th) _____    [ ] Please debit my account for all outstanding premiums due.

Print Bank Account Owner(s) Name ____Samuel Everett____

Signature(s) of Bank Account Owner(s) X _____

**Please attach voided check.**

Exhibit B

4/21/08 4:11P
001678 800398

**AIG** AMERICAN GENERAL

**Proof of Death**
**Claimant's Statement**

**American General Life Insurance Company**
*A member company of American International Group, Inc.*
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

To Be Completed By The Beneficiary

**I DECEASED**

DECEASED FULL NAME (include middle name) – List other hyphenations, nicknames, aliases and/or maiden names used by deceased in the past
Samuel Mandell Sampson Everett

| DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|
| 08-01-74 | Homicide | 3-11-06 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| | | | |
| | | | |

I hereby certify that the policy of insurance for the listed policy is ☐ ENCLOSED ☐ LOST ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| Niketa Everett | 5-31-80 | Wife |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| 6027 Race Street | Philadelphia | Pa | 19139 | (215) 474-6623 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim? ☐ YES ☒ NO    If yes, what amount? $_____ (Attach copy of assignment)

How do you want proceeds paid? ☒ Lump Sum    *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.    ☐ Settlement Option    If Option, give details:_____

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE    *Niketa Everett*

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S. NO. | OR | TAX I.D. NO. |
|---|---|---|
| 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 | | |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

PLEASE SIGN HERE    CLAIMANT'S SIGNATURE    *Niketa Everett*    DATE

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?    SHOW BELOW
6027 Race Street  Philadelphia, Pa 19139

Exhibit C

PAGE 1 OF 4

DATE: 4/14/06

NAME: Niketa Everett

ADDRESS: 1320 Santa Cora Ave. Chula Vista, Ca, 91913

01  This statement is given in connection with the
02  death of my husband Samuel M. Everett. He died
03  of a gunshot wound to the head on March 11, 2006.
04  When I return to California I will be living at
05  my husbands business address shown above.
06  We had lived at 7940 Blossom Lane, Lemon
07  Grove, Ca. for a year and 4 months. Prior to that
08  lived at 4521 Benner St, Phila, Pa. for 3 years,
09  prior to that at 6212 Mershon St. Phila, Pa. for 1 year,
10  prior to that at 2154 E Cambria St for 1 year, and
11  prior to that at 2600 Glenwood Ave. Phila, Pa, his
12  grandmothers house, for 1 year. Many years ago and
13  before I knew him he had lived in Salisbury, Md.
14  We met in late 1998 and I never knew him to
15  smoke or use tobacco in any form. Regarding his
16  medical history I can say he had always been
17  in good health. He would get an annual check
18  at Wilson Park Medical Center on Snyder Ave. in Phila
19  but was not under any regular care for anything.
20  He also may have gone to a Locust Medical Center
21  on Locust St. in West Phila, Pa but I am not sure
22  of this. The only hospital he was ever in, to my

PAGE 2 OF 4

DATE: 4/14/06

NAME: Niketa Everett

ADDRESS: 1320 Santa Cora Ave, Chula Vista, Ca 91913

01 knowledge was Temple Hospital in Chula Pa about

02 8 years ago. It was either in late spring or early

03 summer. He had gone to a block party. There

04 was a commotion of some kind. Things got out

05 of hand and my husband was shot by someone he

06 didn't even know although they had been arguing

07 back and forth. He spent 4 days in the hospital

08 at that time. He was given pain medication and

09 an antibiotic at the hospital. I never knew

10 him to take any other medicine nor do I know

11 of any pharmacy he may have used. Grossmont

12 Hospital is in San Diego, Ca. and would have

13 been the logical hospital for him to go to

14 in California. I never knew him to be treated

15 at Grossmont Hospital nor did he have any

16 doctor in California. I do not know of any

17 other medical attention. To my knowledge he

18 never obtained a California drivers license

19 and continued to use his Pennsylvania one.

20 He always paid cash and did not have any

21 major medical insurance. He was self employed

22 at the time of his death and trading as Ever Strong, In

PAGE 3 OF 4

DATE: 4/14/06

NAME: Niketa Everett

ADDRESS: 1320 Santa Cora Ave, Chula Vista, Ca 91913

01 He maintained this business from our residence
02 of 7940 Blossom Lane in Lemon Grove but actually
03 operated the business in Chula Vista. When I go
04 back to California I will be living at the Chula
05 Vista address. I can be reached at my cell phone
06 # 619-384-9209 Prior to Ever Strong he had his
07 own business known as New Line of Fashion at the
08 Benner St and Mershon St locations for 4 years.
09 Prior to that he worked for Korman Suites in Phila
10 doing house maintenance work for 8 months, and
11 prior to that worked somewhere in Wilmington, De.
12 washing out truck containers. I do not remember
13 the company name. To my knowledge my husband
14 never filed bankruptcy in California or Pennsylvania
15 Regarding his arrest record he was arrested in
16 Phila, Pa at our Mershon St. address. He was beat
17 up by police who said he was resisting arrest. I
18 do not know the exact details. He also had an
19 incident in 2000 I believe Oct of 2000 and was
20 charged with aggravated assault and served 2 mos.
21 in Holmesburg prison complex in Phila Pa but this
22 charge was later dismissed when the accuser

PAGE 4 OF 4

DATE: 4/14/06

NAME: Niketa Everett

ADDRESS: 1320 Santa Cora Ave, Chula Vista, Ca.

01 recanted. I also recall my husband telling me

02 he once served 4 years in prison near Salisbury

03 Md about 13-15 years ago long before I met him,

04 but I do not know what this was for. My

05 husband also had a life insurance policy with

06 Globe Life Accident Ins Co for about $25,000

07 He took this out less than a year ago. This

08 Company has an address of PO Box 26 8844,

09 Oklahoma City, OK. 73126. The Policy # is 00N020762

10 Their phone number is 405-270-1410. I do

11 not have all of the paperwork for his 2004

12 tax returns but will send them to American

13 General when I return to California. There

14 have been no arrests made in connection with

15 my husbands death as no known suspects to

16 date. A Det. Dusack of Phila. Pa. Homicide is

17 investigating the case. I have read the above

18 statement consisting of 4 pages, understand it

19 and it is true.

20 Witness: George D. Fleming  X Niketa Everett

21 _____

22 _____

Exhibit D

1 of 4 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

SAN DIEGO COUNTY, CALIFORNIA, FICTITIOUS BUSINESS NAMES

**DBA Name:** LEARNING SOLUTIONS

**Filing Date:** 11/10/2004

**Owner(s):**
  EVERETT **NIKETA**
  **EVERETT** SAMUEL
  LEINER JIM

**Filing Number:** 2004037460

2 of 4 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

SAN DIEGO COUNTY, CALIFORNIA, FICTITIOUS BUSINESS NAMES

**DBA Name:** LEARNING SOLUTIONS LIMITED PARTNERSHIP

**Filing Date:** 11/10/2004

**Owner(s):**
EVERETT **NIKETA**
**EVERETT** SAMUEL
LEINER JIM

**Filing Number:** 2004037460

3 of 4 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

SAN DIEGO COUNTY, CALIFORNIA, FICTITIOUS BUSINESS NAMES

**DBA Name:** PIONEER DAY SCHOOL

**Filing Date:** 11/10/2004

**Owner(s):**
EVERETT **NIKETA**
**EVERETT** SAMUEL
LEINER JIM

**Filing Number:** 2004037460

4 of 4 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

SAN DIEGO COUNTY, CALIFORNIA, FICTITIOUS BUSINESS NAMES

**DBA Name:** PIONEER LEARNING CENTER

**Filing Date:** 11/10/2004

**Owner(s):**
EVERETT **NIKETA**
**EVERETT** SAMUEL
LEINER JIM

**Filing Number:** 2004037460



## Welcome

California, Arizona, Nevada
Pennsylvania & Delaware
Maryland & Virginia

Contacts:

President Samuel Everett
Secretary/Treasurer
Niketa Everett

Toll Free:
1/888-744-3306 (phone)
1888-310-8034 (fax)



Everstrong Corp.

Home | About Us | Products/Services | Contact Us

Website Design by: HWS. All rights reserved. Login

Exhibit E

Commonwealth of Pennsylvania
County of Philadelphia           ss.   **A.1936-06**

I, RONALD R. DONATUCCI, Register for the Probate of Wills and Granting Letters of Administration in and for the County of Philadelphia, in the Commonwealth of Pennsylvania.

DO HEREBY CERTIFY AND MAKE KNOWN That on the _____ **25TH** _____ day of **APRIL** _____ in the year of our Lord _____ **2006** _____ LETTERS OF ~~TESTAMENTARY~~ ADMINISTRATION

on the Estate of _____ **SAMUEL M. SAMPSON EVERETT** _____

_____ **AKA SAMUEL MANDELL SAMPSON EVERETT** _____

_____ **AKA SHARIFF J.EBO** _____

deceased, were granted unto _____ **NIKETA EVERETT** _____

_____ **SHE** _____

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record.

Given under my hand and seal of office,

Date of Death _____ **MARCH 11TH 2006** _____ this _____ **27TH** _____ day of **APRIL** _____ A.D. 20 **06**

_Domenic Dinella_
_____
_Deputy Register_

**186946**

**NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL**

10-14 (Rev. 1/00)

LETTERS OF ADMINISTRATION

REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

№
A 1936-06

ESTATE OF SAMUEL M. SAMPSON EVERETT

AKA     SAMUEL MANDELL SAMPSON EVERETT

AKA     SHARIFF J. EBO

Social Security No. 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

WHEREAS, SAMUEL M. SAMPSON EVERETT

late of PHILADELPHIA COUNTY

died on the 11TH day of MARCH , 2006;
and

WHEREAS, the grant of letters of administration is required for the administration of his estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County and Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to NIKETA EVERETT

who ha S duly qualified as Administra TRIX of the estate of the above named decedent and ha S agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the 25TH day of APRIL 2006

*Domenica Dsmilla*
*Deputy Register*

10-36 (Rev. 10/99)

4238 Richmond Street
Philadelphia, PA 19137

March 28, 2006

RE:    Estate of Samuel Everett
       Date of Death: 3/11/06

To Whom It May Concern:

Please be advised that I am the Administratrix of the above-captioned Estate. In that regard, I authorize you to execute any and all requests of Andrew I. Roseman, Esquire via correspondence to your attention regarding any and all financial information regarding any and all accounts titled to Samuel Everett.

Thank you for your attention and cooperation regarding this matter.

Sincerely,

*Niketa Everett*

NIKETA EVERETT

Cc:    Andrew I. Roseman, Esquire

Sworn to and Subscribed
Before me this ___ day
Of March, 2006.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Karen M. Morrison, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Jan. 20, 2009
Member Pennsylvania Association of Notaries

Exhibit F

Laboratory Personnel License Search                                      Page 1 of 1

California Home    CDHS Home    CDHS Comments    CDHS Search    CDHS Organization

Tuesday,

# Welcome to *California*

CDHS Home

Printer Friendly Version

**Prevention Services Home Page**

**Division of Laboratory Science Home Page**

**Laboratory Field Services**

### Tool Box



The Adobe Reader is required to view several documents contained on this website



## Laboratory Field Services Branch

My CA

Laboratory Personnel License Search

### License Details
Licensee: MARCIA A. FLOYD
License Number: CPT 00010375
License Title: CERTIFIED PHLEBOTOMY TECHNICIAN I

Status: Active
Issue Date/Last Renewal Date: 2/26/2008
Expiration Date: 4/30/2010
Grace Period Ends: 4/30/2010
### End of License Details

| Return to Search |    Back to Main Page

Back to Top of Page

2004 State of California. Conditions of Use and Privacy Policy

# Individual License Details

The license status information shown below represents information taken from the California Department of Insurance (CDI) licensing database at the time of your inquiry. This information may not always be current. For example, items sent to the CDI may be pending review or simply may not have yet been entered into our licensing database. For instance, continuing education hours quoted may not reflect courses taken in the last 45 days. This database will reflect concluded disciplinary actions against licensees. Complaints and ongoing investigations are confidential and, therefore, not available.

Section 12938 (a) of the California Insurance Code, in part, requires the CDI to make all fully executed stipulations, orders, decisions, and settlements available to the public on its Web site. You can search for key documents regarding any enforcement action the department has filed against this licensee on the Enforcement Action Documents Search Page. Please note Enforcement Action Documents (i.e. legal pleadings and orders generated during the enforcement action) are available on this Web site only for enforcement actions taken on or after July 1, 2001. If an enforcement action was taken prior to July 1, 2001, this Web site will only provide a summary description of the enforcement action. Documents relating to actions taken prior to July 1, 2001 may be obtained by submitting a written request to the CDI.

**Glossary of Terms**

Name: GAVZER BURTON HOWARD                                             License#: 0D59778

Resident Insurance Producer

| License type: Life-Only | Status:<br>Active | Status Date:<br>05/04/2002 | Expiration Date:<br>05/31/2010 |
| --- | --- | --- | --- |

Resident Insurance Producer

| License type: Accident and Health | Status:<br>Active | Status Date:<br>05/04/2002 | Expiration Date:<br>05/31/2010 |
| --- | --- | --- | --- |

Business Address: 22185 CARISSA CT. WOODLAND HILLS, CA 91367

## Company Appointments

This licensee is authorized to transact on behalf of the following:

| LIBERTY LIFE INSURANCE COMPANY | For: Life-Only | Effective: 04/14/2006 |
| --- | --- | --- |
| RELIASTAR LIFE INSURANCE COMPANY | For: Accident and Health | Effective: 01/31/2006 |
| RELIASTAR LIFE INSURANCE COMPANY | For: Life-Only | Effective: 01/31/2006 |
| TRANSAMERICA OCCIDENTAL LIFE | For: Accident | Effective: 01/08/2004 |

| | | |
|---|---|---|
| INSURANCE COMPANY | and Health | |
| LIBERTY LIFE INSURANCE COMPANY | For: Accident and Health | Effective: 04/14/2006 |
| BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY | For: Life-Only | Effective: 03/27/2006 |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY | For: Life-Only | Effective: 01/08/2004 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | For: Life-Only | Effective: 01/30/2003 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | For: Accident and Health | Effective: 01/30/2003 |
| BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY | For: Accident and Health | Effective: 03/27/2006 |

Records 1 to 15

**Continuing Education**    **Certification Letters**

If you have any questions about the license information you retrieved, please see the most commonly asked questions in our License Questions and Answers section. If you need further assistance, please call CDI's Producer License Bureau at **(800) 967-9331 or (916) 322-3555**, or send an e-mail to Producer Licensing Bureau Please be sure to include your name, license number, e-mail address and telephone number in all correspondence with the Department.

Need Help?

Last Revised - April 24, 2008 05:28 PM
Copyright © California Department of Insurance

Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKETA EVERETT, Individually and
Beneficiary of Samuel M. Everett, deceased,     :     CIVIL ACTION
                                                :
                    Plaintiff,                  :
                                                :     NO.: 2:08-CV-02426-MMB
          v.                                    :
                                                :
AMERICAN GENERAL LIFE INSURANCE                 :
COMPANY,                                        :
                                                :
             and                                :
                                                :
U.S. BANCORP INSURANCE SERVICES,                :
LLC,                                            :
                    Defendants.                 :
_____       :

## DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Defendant, American General Life Insurance Company (hereinafter "American General Life"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP moves this Honorable Court to Dismiss or in the alternative to Transfer plaintiff's Complaint, and avers the following in support thereof:

1.     On April 23, 2008, Defendant American General Life filed a Complaint for Declaratory Relief against Plaintiff Niketa Everett in the United States District Court for the Southern District of California. That Complaint requests declaratory relief and rescission of the life insurance contract at issue for material misrepresentations made by the insured in the written application for life insurance. A true and correct copy of defendant's Complaint is attached hereto and labeled as Exhibit "A."

310679.1

2.     American General Life forwarded the Summons and Complaint to plaintiff's counsel with a Waiver of Service of Summons due by May 23, 2008.

3.     Because plaintiff failed to return an executed Waiver of Service, American General Life personally served the Summons and Complaint for Declaratory Relief upon Plaintiff Niketa Everett on May 29, 2008. A true and correct copy of the Affidavit of Service of Summons is attached hereto and labeled as Exhibit "B."

4.     On May 23, 2008, instead of responding to American General Life's Complaint in the Southern District of California or waiving Service of the Summons, Plaintiff Niketa Everett commenced action in this jurisdiction by filing a Complaint alleging breach of contract and alternative counts of fraud and violation of applicable consumer protection laws. Please see 2:08-CV-02426-MMB, Docket Doc. No. 1.

5.     On the same date she filed the Complaint, plaintiff also filed an Application to Retain Jurisdiction and Enjoin Prosecution of a Related Case ("Application") requesting that this Court retain jurisdiction notwithstanding the first-filed rule alleging, among other things, that American General Life went forum shopping when it filed suit in California. Please see 2:08-CV-02426-MMB, Docket Doc. No. 2.

6.     On June 9, 2008, Defendant American General Life filed its response and supporting memorandum of law in opposition to plaintiff's Application invoking, among other things, the first-filed rule and setting forth that California is the proper forum as the life insurance contract at issue was formed, entered into, issued and delivered in California. Furthermore, the material misrepresentations were made and witnessed there. Please see 2:08-CV-02426-MMB, Docket Doc. Nos. 6 and 7.

2

**THE FIRST COURT TO OBTAIN JURISDICTION OVER THE SUBJECT MATTER AND THE PARTIES TO THIS ACTION SHOULD BE THE ONE TO DECIDE THE CASE**

7.     American General Life files this Motion to Transfer, Dismiss and/or Stay Plaintiff's Complaint because it first filed an action involving the same parties and issues with the United States District Court for the Southern District of California.

8.     The "first to file" rule, a doctrine of federal comity applicable to venue or forum disputes involving similar, concurrent actions in different jurisdictions, provides that the forum of the first filed case is favored and must proceed to decide the matter. Shire U.S., Inc. v. Johnson Matthey, Inc., 543 F.Supp.2d 404, 407 (E.D. Pa. 2008); Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson, 1999 U.S. Dist. LEXIS 12137, *7 (E.D. Pa. 1999).

9.     Departures from the well established "first-to-file rule" requires the existence of unusual or exceptional circumstances and are rare. Stone Creek Mechanical, Inc. v. Carnes Company, Inc., 2002 U.S. dist. LEXIS 20721, *4 (E.D. Pa. 2002) citing, Berkshire International Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D. Pa. 1976); See also, EEOC v. University of Pennsylvania, 850 F.2d 969, 976 (3d Cir. 1988) (exceptions to the rule are rare but this is not a rigid or inflexible rule); Southampton Sports Zone, Inc. v. Pro Batter Sports, LLC, 2003 U.S. Dist. LEXIS 18126 (E.D. Pa. 2003) (departures from the first filed rule is rare and "the second action should proceed only in unusual or exceptional circumstances") But cf. FMC Corp. v. Amvac Chemical Corp., 379 F.Supp.2d 733, 744 (E.D. Pa. 2005) (exceptions to the first filed rule are not rare).

3

10.    Circumstances calling for departures from the first filed rule are if a party has acted inequitably or in bad faith and/or acted with an eye to forum shopping.  <u>EEOC v. University of Pennsylvania</u>, 850 F.2d 969, 972 (3d Cir. 1988).

11.    An exception to the first-filed rule for forum shopping is found only when forum shopping was the *sole* reason for choosing one forum over another.  <u>EMS Acquisition Corp. v. Structure Probe Inc.</u>, 2008 U.S. dist. LEXIS 10197, *6 (E.D. Pa. 2008), <u>citing</u>, <u>Zelenkofske</u>, 1999 U.S. Dist. LEXIS 12137 at *10 (forum shopping must be the sole reason for choosing one forum over another and thus will rarely be found where the first action was filed in a logical place).

12.    In the instant case, Southern District of California is the proper and logical venue because that is the district where the contract was entered into, witnessed, and delivered, and where the witnesses are located and where Samuel M. Everett made admitted material misrepresentations.  Moreover, California law is controlling in this matter.  <u>See</u>, <u>Regents of the Mercersburg College v. Rep. Franklin Ins. Co</u>, 458 F.3d 159, 163 (3d Cir. 2006) (under Pennsylvania choice of law rules, an insurance contract is governed by the law of the state in which the contract was made).

13.    The claims brought by plaintiff in this case are more properly brought as compulsory counterclaims in the declaratory judgment action initiated by American General Life in the Southern District of California as they arise out of the same transaction or occurrence that is the subject matter of American General Life's Complaint for Declaratory Relief.

**<u>THIS ACTION SHOULD BE DISMISSED OR IN THE ALTERNATIVE
TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA</u>**

4

14.     When applying the first-filed rule, courts have the option to transfer, dismiss or stay the later filed action.  Keating Fibre International, Inc. v. Weyerhaeuser Company, Inc., 416 F.Supp.2d 1048, 1051 (E.D. 2006).

15.     In order to transfer a case pursuant to 28 U.S.C. §1404(a), a court must determine whether the case was properly brought in the court and whether it could have been brought in the Southern District of California.   The court will also consider whether the balance of conveniences and public interest weigh in favor of transfer.   Id. at *11-12.

16.     In the instant case, the contract was formed and entered into in California; the insured's misrepresentations were made in California; witnesses are in California including at least one third party witness and a potential indispensable party is located there.  In addition, California also has interest in deciding cases regarding material misrepresentations in contracts formed in that state.

17.     California law applies to this case and the balances of conveniences and public interest also weigh in favor of transfer.

18.     This case should be dismissed or in the alternative transferred to the United States District Court for the Southern District of California.

5

**WHEREFORE**, Defendant, American General Life Insurance Company respectfully requests that this honorable Court grant its Motion to Dismiss or in the alternative Transfer Plaintiff's Complaint to the United States District Court for the Southern District of California.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By:    *s/sac2090/*
     Salvatore A. Clemente
     Pa. Atty. I.D. No. 08030
     Helen C. Lee, Esquire
     The Curtis Center, Suite 1130E
     Independence Square West
     Philadelphia, PA 19106
     215-627-6900
     215-627-2665 (fax)
     salvatore.clemente@wilsonelser.com
     Attorneys for Defendant,
Dated: June 18, 2008     American General Life Insurance Company

6

310679.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKETA EVERETT, Individually and     :
Beneficiary of Samuel M. Everett, deceased,    :     CIVIL ACTION
                             :
          Plaintiff,            :
                             :      NO.: 2:08-CV-02426-MMB
         v.                 :
                             :
AMERICAN GENERAL LIFE INSURANCE    :
COMPANY,                          :
                             :
         and               :
                             :
U.S. BANCORP INSURANCE SERVICES,     :
LLC,                               :
          Defendants.       :

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE
ALTERNATIVE TRANSFER PLAINTIFF'S COMPLAINT TO THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

## I.     BRIEF STATEMENT OF FACTS

On or about March 22, 2005, Samuel M. Everett applied in writing to American General

Life for a life insurance policy. See, Complaint for Declaratory Relief and Rescission, ¶9,

attached as Exhibit "A." On May 2, 2005, Plaintiff Niketa Everett signed the Amendment of

Application as a witness. See, Exhibit "D" (last page) to 2:08-CV-02426-MMB Docket Doc. No.

1. On May 5, 2005, based upon the information provided by Samuel M. Everett, on his

application as well as the completion of the paramedical exam, American General Life issued

policy number YMA0086144 with a face value of $1,000,000.00 (hereinafter "the Policy"). See,

Exhibit "A" at ¶15 and 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶34. The Policy was

7

underwritten, approved and issued by American General Life based on the answers, statements and representations of the proposed insured, Samuel M. Everett made during the application process. See, Exhibit "A" at ¶18. The Authorization and Signature section of Part A of the completed "Term Insurance Application Part A - California Version" signed by Samuel M. Everett reads in part:

> I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if (1) it is within the contestable period; and (2) such misrepresentation materially affects the acceptance of the risk. Except as may be provided in a Limited Temporary Life Insurance Agreement (LTLIA), I understand and agree that no insurance will be in effect under this application, or under any new policy issued by the Company, unless or until: the policy has been delivered and accepted; the full first modal premium for the issued policy has been paid; and there has been no change in the health of any proposed insured that would change the answers to any questions in the application.

See, Term Insurance Application Part A - California Version, attached as Exhibit "B" to the Complaint for Declaratory Relief, attached as part of Exhibit "A" herein.

The contestable period on this California policy is two (2) years. See, Policy, attached as Exhibit "A" to the Complaint for Declaratory Relief at Pg. 7, attached as part of Exhibit "A" herein. On March 11, 2006, while the policy was still within the contestable period, the insured, Samuel M. Everett, died of a gunshot wound to his head. See, Exhibit "A" at ¶20 and 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶37. His wife, Niketa Everett, as the primary beneficiary on the policy, submitted a claim for life insurance benefits. See, Exhibit "A" at ¶21. Because the policy was still in the contestable period, American General Life conducted a contestable claim investigation. See, Exhibit "A" at ¶23 and 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶41. As a result of the investigation, American General Life discovered for the first time that the insured

8

had arrests and prosecutions for felonies and that he pled guilty and/or was convicted of felonies. See, Exhibit "A" at ¶25 and 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶¶24, 25 and 44. In addition, American General Life found that the insured's income was significantly lower than he stated in the application. See, Exhibit "A" at ¶28. American General Life concluded that Samuel M. Everett had failed to disclose substantive relevant material information that would have caused it to deny his application for life insurance. See, Exhibit "A" at ¶31. As a result of Samuel M. Everett's material misrepresentations in the Policy, American General Life informed his wife and beneficiary, Niketa Everett, that it was rescinding the policy and sent her a check in the amount of premiums paid on the Policy. See, Exhibit "A" at ¶34 -35 and 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶43.

Upon concluding that Niketa Everett, the named beneficiary, was disputing the rescission of the Policy, American General Life filed a Complaint for Declaratory Relief and Rescission in the United States District Court for the Southern District of California on April 23, 2008 docketed at 3:08-CV-00740-W-JMA. A copy of the Complaint for Declaratory Relief and Rescission was sent to her attorney along with a Waiver of Service of Summons in accordance with Federal Rule of Civil Procedure 4(d). As Ms. Everett refused to waive service, a summons issued to Niketa Everett on May 23, 2008 and the Summons along with a copy of American General's Complaint for Declaratory Relief were personally served upon her on May 29, 2008 at her home address of 4238 Richmond St., Philadelphia, PA 19137. See, Affidavit of Service of Summons, attached hereto as Exhibit "B" and docketed at 3:08-CV-00740-W-JMA, Docket Doc. No. 3. Instead of waiving service to the California action, Ms. Everett instituted this instant

9

action via civil action complaint against American General Life in the United States District Court for the Eastern District of Pennsylvania.

In her Complaint, plaintiff alleges breach of contract and alternative counts of fraud and violation of consumer protection laws which all relate to the rescission of the Policy which is at issue in the declaratory action in California.  See, 2:08-CV-02426-MMB Docket Doc. No. 1. She alleges that the insured, her husband, was fully aware of the misrepresentations regarding his criminal history, but that he allowed the misrepresentations to stand and signed the application based upon the alleged statement of a medical examiner (who was conducting the insured's physical examination for the insurance application) that his convictions "had occurred a sufficient period of time prior to" the life insurance application and did not need to be reported. See, 2:08-CV-02426-MMB Docket Doc. No. 1 at ¶23-25.  Plaintiff alleges that a rescission of the Policy is a breach of contract because the insured relied upon the statement of the medical examiner, an entity unrelated to Defendant American General Life, or in the alternative fraud and violation of applicable consumer protection laws.  The alleged paramedical examiner is identified as Portamedic #475, 4891 Pacific Highway, Suite 103, San Diego, CA and upon information and belief, not subject to Pennsylvania jurisdiction.  See, Par B Life Insurance Application, attached as Exhibit "B" to the Complaint for Declaratory Relief, attached as Exhibit "A" herein.

On May 23, 2008, the same date that Ms. Everett filed her Complaint against American General Life in the Eastern District of Pennsylvania, she also filed with this court an Application to Retain Jurisdiction and Enjoin Prosecution of American General's Complaint ("Application"). In the Application, plaintiff contends that American General Life filed the declaratory action in

10

California in bad faith to obtain a "better" forum.  See, 2:08-CV-02426-MMB, Docket Doc. No. 2 at ¶23.  To the contrary, California is the proper and logical forum as California law applies to the Policy as that was where the insurance contract was entered into and delivered and where Mr. Everett made his material misrepresentations to American General Life.

## II.     LEGAL ARGUMENT

### A.     THE FIRST COURT TO OBTAIN JURISDICTION OVER THE SUBJECT MATTER AND THE PARTIES TO THIS ACTION SHOULD BE THE COURT TO DECIDE THE CASE

The "first to file" rule, a doctrine of federal comity applicable to venue or forum disputes involving similar, concurrent actions in different jurisdictions, provides that the forum of the first filed case is favored and must proceed to decide the matter.  Shire U.S., Inc. v. Johnson Matthey, Inc., 543 F.Supp.2d 404, 407 (E.D. Pa. 2008); Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson, 1999 U.S. Dist. LEXIS 12137, *7 (E.D. Pa. 1999).  This rule was first established in 1824 by the United States Supreme Court when it stated that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it."  Smith v. McIver, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824).  The Third Circuit then adopted this rule in Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929-930 (3d Cir. 1941) and clarified it further by stating that "the party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter.  The economic waste involved in duplicating litigation is obvious."  In the instant case, it is clear that Defendant American General Life first filed its action for declaratory relief in California and then a month later Niketa Everett filed this instant

11

action in this Court. The "first-to-file rule" dictates that the district court in Southern California decide this matter as it had jurisdiction over it first.

Departures from the well established "first-to-file rule" requires the existence of unusual or exceptional circumstances and are rare. Stone Creek Mechanical, Inc. v. Carnes Company, Inc., 2002 U.S. dist. LEXIS 20721, *4 (E.D. Pa. 2002) citing, Berkshire International Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D. Pa. 1976); see also, EEOC v. University of Pennsylvania, 850 F.2d 969, 976 (3d Cir. 1988) (exceptions to the rule are rare but this is not a rigid or inflexible rule); Southampton Sports Zone, Inc. v. Pro Batter Sports, LLC, 2003 U.S. Dist. LEXIS 18126 (E.D. Pa. 2003) (departures from the first filed rule is rare and "the second action should proceed only in unusual or exceptional circumstances"). Some of the exceptions found in the Third Circuit are when there are extraordinary circumstances, or a party has acted inequitably or in bad faith and/or acted with an eye to forum shopping.    EEOC v. University of Pennsylvania, 850 F.2d 969, 972 (3d Cir. 1988).

In the instant case, there are no exceptional circumstances to warrant a departure from the well established rule of keeping the suit in the first filed forum. Although plaintiff alleges, in her Application, that American General Life engaged in "forum shopping" when it filed suit in California, there is no evidence of this. See, 2:08-CV-02426-MMB, Docket Doc. No. 2. at ¶¶22-24. First, Southern District of California is the proper and logical forum for this action because that is the district where the contract was entered into, witnessed, and delivered, where the witnesses are located and where the insured, Samuel M. Everett, made his admitted material misrepresentations. Thus, California law is controlling in this matter. See, Regents of the Mercersburg College v. Rep. Franklin Ins. Co, 458 F.3d 159, 163 (3d Cir. 2006) (under

12

Pennsylvania choice of law rules, an insurance contract is governed by the law of the state in which the contract was made). Even if the case was to remain in this jurisdiction, California law would apply and thus, the issue of California being a favorable forum as opposed to Pennsylvania is nonexistent. Secondly, plaintiff alleges that American General Life filed suit in California because counsel for plaintiff alerted it to Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517 (3d Cir. 2004) which she appears to believe would send all questions of material misrepresentations in a life insurance policy to a jury. See, 2:08-CV-02426-MMB, Docket Doc. No. 2 at ¶¶13-14. However, since Justofin, the Third Circuit has clarified its ruling stating that its "decision in Justofin did not foreclose the possibility of summary judgment being entered in the bad faith rescission context...[S]ummary judgment may be entered on a rescission claim when, based upon the evidence produced in discovery, the only reasonable inference a fact finder could draw is that the applicant's answers were knowingly false, or made in bad faith." Northwestern Mutual Life Ins. Co. v. Babayan, 430 F.3d 121, 123-124 (3d Cir. 2005). As in Babayan, the plaintiff's decedent also clearly made material misrepresentations. The answers that he provided on his insurance application were not true with regard to his criminal background as well as his financial status and the only reasonable inference that a fact finder could draw is that the applicant's answers were knowingly false or made in bad faith.[1] Thus, contrary to the plaintiff's assertion, the existence of Justofin does not present such a deterrent to American General Life or is so unfavorable as compared to California law to be evidence of forum shopping.

---

[1]   Plaintiff admits in her Application that Samuel M. Everett knew that his response to question 10(f) of the Term Insurance Application Part A – California Version was false when he allegedly discussed it with the paramedical nurse. Her Complaint also sets forth that Samuel M. Everett let the knowing misrepresentations regarding his criminal history stand based upon some medical examiner's permission or suggestion during his physical examination for the Policy. See, 2:08-CV-02426-MMB, Docket Doc. No. 1 at ¶¶23-25.

13

Moreover, "where forum shopping justifies exception to the first filed rule, it must be established that forum shopping was the <u>sole</u> reason for choosing one forum over another." <u>EMS Acquisition Corp. v. Structure Probe Inc.</u>, 2008 U.S. Dist. LEXIS 10197, *6 (E.D. Pa. 2008), <u>citing</u>, <u>Zelenkofske Axelrod Consulting v. Stevenson</u>, 1999 U.S. Dist. LEXIS 12137 (E.D. Pa. 1999)[emphasis added].  In the instant case, American General Life filed suit in California where the insurance contract was entered into, where the application was filled out, where the insured made his misrepresentations, where the policy was delivered, and where all the witnesses are located.[2]  <u>See</u>, <u>Peregrine Corp. v. Peregrine Industries, Inc.</u>, 769 F.Supp. 169, 172-173 (E.D. Pa. 1991) (Plaintiff's motion to enjoin prosecution of declaratory judgment action filed in California denied as, in pertinent part, there is proper venue in California because a substantial part of the events giving rise to claim of trademark infringement occurred in California)  California is the most logical forum choice in the instant case.  As in <u>EMS Acquisition Corp.</u>, the plaintiff has failed to establish that forum shopping is the only possible rationale for American General Life's choice to litigate in California.  <u>Id</u>.  Further, even if there was evidence of forum shopping, which is denied, courts have refused to find an exception to the first filed rule for forum shopping unless there is evidence of other inequitable conduct.  <u>Id</u>. at *7, <u>citing</u>, <u>EEOC</u>, 850 F.2d at 971; <u>FMC Corp. v. AMVAC Chem. Corp.</u>, 379 F.Supp.2d 733, 742 (E.D. Pa. 2005).  There is no evidence of any inequitable conduct or bad faith in the present case.  There is no evidence of a bad faith "race to the courthouse" type of suit.  There was no ongoing settlement discussion or

---

[2] Plaintiff has stated in her complaint that Samuel M. Everett made misrepresentations on the life insurance application in reliance upon the alleged statement of a medical examiner who told him he would not have to report his convictions because a sufficient period of time had passed since the convictions. However, question 10(f) has no time limitation as do other questions in Part A of the term insurance application. The medical examiner is not an employee or agent of American General Life but an employee of an independent vendor providing medical examination services.  Upon information and belief, Pennsylvania lacks personal jurisdiction over this vendor. Moreover, Samuel M. Everett's life insurance agent is located in California.

14

any agreement not to file litigation until a date certain which would have had the other party

unprepared for suit being filed. See, FMC Corp. v. AMVAC Chem. Corp., 379 F.Supp.2d at

744. Simply put, American General Life had explained the reasons for its rescission of the

policy on November 20, 2006 and eventually it became apparent that plaintiff did not agree with

determination and thus, it filed for declaratory relief. American General Life's filing of its action

for declaratory relief in California is justifiable, supportable, reasonable, and completely devoid

of bad faith as the insurance policy originated in California and the entire application process

including the misrepresentation occurred in California. Therefore this case must be transferred to

the Southern District of California as compulsory counterclaims to the declaratory action or in

the alternative dismissed.

### B.    THIS ACTION SHOULD BE DISMISSED OR IN THE ALTERNATIVE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA

As it is clear that the first-filed rule applies in this case and that there are no exceptions

that call for a departure from its application, the court must determine the appropriate remedy.

"In applying the first-filed rule, courts have the option to dismiss, stay, or transfer the later filed

action." EMS Acquisition Corp. v. Structure Probe, Inc., 2008 U.S. Dist. LEXIS 10197 at *5.

See also, Keating Fibre International, 416 F.Supp.2d at 1052-53. The case may be dismissed

without prejudice or stayed for the duration of the California action. See, Koresko, 403

F.Supp.2d at 403, citing, Kerotest Mfg. Co. v. C-O_Two Fire Equipment Co., 342 U.S. 180, 183-

84, 72 S.Ct. 219, 96 L.Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952). Or, the case may be

transferred to the forum where the first-filed action was brought, pursuant to 28 U.S.C. §1404(a).

Id. "Section 1404(a) provides for a case to be transferred in the interest of justice to any other

district or division where it might have been brought "for the convenience of parties and

witnesses. A §1404(a) analysis includes an assessment of the public and private interests involved in the choice of forum. Id. Private interests include (a) the plaintiff's forum preference; (b) the defendant's preference; (c) where the claim arose; (d) the convenience of the parties; (e) the convenience of the witnesses to the extent the witnesses may be unavailable in one of the forums; and (f) the location of necessary books and records. Some public interest considerations are (a) the enforceability of the judgment; (b) practical considerations; (c) the administrative difficulty in each fora resulting from court congestion; (d) the local interest; (e) the public policies of the fora; and (f) the familiarity of the trail judge with the applicable law. Id. at 404, citing, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Consequently, in the instant case, American General Life respectfully requests that plaintiff's case be dismissed or in the alternative transferred to the California case as compulsory counterclaims. See, Keating Fibre International, Inc., 416 F.Supp.2d at 1053-54.

      **a.    This action could have brought in California as that state has personal jurisdiction over Niketa Everett.**

If personal jurisdiction is to become an issue with regard to the California action, the proper place to litigate that issue would be in the district court in the Southern District of California and not in this Court. See, The Peregrine Corporation, 769 F.Supp. at 173. Nevertheless, for purposes of transfer of this action to California, we submit that state has personal jurisdiction over Niketa Everett.[3]

Where judgment is sought against an out-of-state defendant, in addition to having subject matter jurisdiction over the claim a district court sitting in diversity must also have personal jurisdiction over the nonresident defendant. See, Amos v. Pendry, 810 F. Supp. 146, 148 (M.D.

---

[3] On or about June 17, 2008, plaintiff Niketa Everett filed a Motion to Dismiss with the United States District Court for the Southern District of California. The filing does not yet appear on PACER.

16

Pa. 1982). However, physical presence within the territorial jurisdiction of the court is not necessary for personal jurisdiction. <u>See</u>, <u>Reilly v. P. J. Wolff & Sohne</u>, 374 F. Supp. 775, 777 (D.N.J. 1974) (citing <u>Pennoyer v. Neff</u>, 95 U.S. 714, 733, 24 L. Ed. 565); <u>Milliken v. Meyer</u>, 311 U.S. 457, 463. Indeed, to satisfy the requirements of Constitutional due process, a defendant not present within the territory of the forum state must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Reilly v. P. J. Wolff & Sohne</u>, 374 F. Supp. 775, 777 (D.N.J. 1974) (citing <u>Pennoyer v. Neff</u>, 95 U.S. 714, 733, 24 L. Ed. 565); <u>Milliken v. Meyer</u>, 311 U.S. 457, 463. Therefore, in order to subject a non-resident defendant to personal jurisdiction for claims arising directly from the defendant's activities within that state, it must be demonstrated that "1) the forum state's long-arm statute confers personal jurisdiction over the nonresident defendant and (2) the exercise of jurisdiction does not violate federal constitutional principles of due process." <u>Amos v. Pendry</u>, 810 F. Supp. 146, 148 (M.D. Pa. 1982); <u>Kahn v. Sprouse</u>, 1993 U.S. Dist. LEXIS 2165, *5 (N.D. Cal. 1993). Pursuant to California's long-arm statute, a California court is permitted to exercise personal jurisdiction over a nonresident defendant to the constitutional limits of the due process clause of the Fourteenth Amendment. <u>Kahn</u>, 1993 U.S. Dist. LEXIS at *5 (citing <u>Calder v. Jones</u>, 465 U.S. 783, 787, n.5 (1984) (California's jurisdiction is as broad as the Constitution permits" and is "coextensive with that permitted by due process").

There are two legal bases by which a federal court, such as the Southern District of California, may exercise jurisdiction over an out-of-state defendant, commonly designated respectively as specific jurisdiction and general jurisdiction. <u>Cubbage v. Merchent</u>, 744 F.2d 665 (9th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1005 (1985). When litigation is related to or arises out of

17

a defendant's contacts with the forum state, the exercise of jurisdiction is said to be specific and is justified on the basis of the relationship among the defendant, the forum, and the litigation. Id. at 668 (citing Shaffer v. Heitner, 433 U.S. 186, 204 (1977). A court may exercise jurisdiction over such a defendant where three elements are satisfied:"(1) the defendant perform[s] an act or consummate[s] a transaction by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby, invoking the benefits and protections of its laws; (2) the claim arise[s] out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction [is] reasonable." Id. The test for purposeful availment requires the defendant to "engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Shute, 897 F.2d at 381. Therefore, the assertion of personal jurisdiction must comport with notions of fair play and substantial justice and must be based on a finding that the "defendant's conduct and connection with the forum state are such that [s]he would reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1975). See also Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Instantly, Ms. Everett argues in her Application to retain jurisdiction within the Eastern District of Pennsylvania, that she is not subject to personal jurisdiction in California and therefore that American General Life should be enjoined from bringing suit within that forum. See, Memorandum of Law in support of Plaintiff's Application to Retain Jurisdiction and Enjoin Prosecution of Related Case at 6, Exhibit "D." Significantly however, a careful analysis of the plaintiff's contacts with the state of California show quite the opposite. She was a resident of the State of California at all times relevant to application for life insurance under the Policy. The

18

310679.1

Policy, to which plaintiff was designated the primary beneficiary, was entered into in California. She resided with her husband, Samuel M. Everett, the insured, in California while the Policy was in effect. She was directly involved in the application process to procure life insurance. See, 2:08-CV-02426-MMB, Docket Doc. No. 1 at ¶¶13-14. She also claims that she was present during the paramedical examination in California during which time key statements were allegedly made by her husband evidencing a knowing misrepresentation in his application. See, 2:08-CV-02426-MMB, Docket Doc. No. 2 at ¶15. She also signed as a witnesses to the Amendment of Application which she dated May 2, 2005. See, Exhibit "D" (last page) 2:08-CV-02426-MMB, Docket Doc. No. 1. Therefore, she "affirmatively promoted the transaction" of business as well as allowed her husband to make misrepresentations on his life insurance application within the State of California. As such, the plaintiff purposefully availed herself of the benefits and protections of California. As her claims under the Policy arise directly out of her contacts and activities within the State of California, plaintiff is subject to personal jurisdiction therein. Furthermore, extending jurisdiction over the plaintiff comports with traditional notions of fair play and substantial justice, since from a foreseeability standpoint, at the time the contract was entered into, all of the parties including Niketa Everett could have reasonably foreseen that the jurisdictional forum for a claim made under the Policy would be the State of California.

A court must examine the "relationship among the forum, the defendant and the litigation" in order to determine whether minimum contacts exist such as to confer personal jurisdiction over a nonresident defendant. Shaffer v. Heitner, 433 U.S. 186, 204, 53 L.Ed.2d 683, 97 S.Ct. 2569 (1977). A careful analysis of the plaintiff's relationship with the State of

19

California, the claims behind the instant litigation and the interest of California in adjudicating disputes based on business transactions conducted within its borders, clearly show that Ms. Everett availed herself of the benefits of that forum and reasonably subjected herself to jurisdiction therein. At the time the life insurance contract was formed, Samuel and Niketa Everett both resided and operated a business in California. Moreover, the communications, paramedical examination, witnesses, contract negotiations, policy issuance and policy delivery all occurred within the State of California. Significantly, she was a witness to her husband's knowing misrepresentation which were made in California. As a result of Ms. Everett's conduct and significant connections with that forum, she could have reasonably anticipated being haled into court within the State of California. Accordingly, as Ms. Everett's claims under the Policy arise directly from her activities within the State of California, and as she purposefully availed herself of the privilege to conduct activities within that state, she established sufficient minimum contacts such as to comport with the federal Constitutional principles of due process, and therefore jurisdiction over the plaintiff is properly conferred within California.

**b.    Venue is proper in California.**

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides...[or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b). In the instant case, the life insurance contract was entered into in California and the material misrepresentations made by Samuel M. Everett giving rise to the rescission of the Policy occurred in California and thus venue is proper there.

20

     c.     **Private interests such as location of witnesses and the location of necessary books and records favor transfer of the case to California.**

Aside from the basic proposition that a plaintiff's choice of forum generally should not be disturbed and that the claims at issue occurred in California, the paramedical nurse witness who is a citizen of California and a witness to the insured's material misrepresentation is located in California. Furthermore, the company for which the paramedical nurse is employed is located in California and based upon information and belief both are citizens of California. In fact, the paramedical company, who is <u>not</u> an agent of American General Life, and the nurse examiner may be indispensable parties to the litigation. They are not subject to jurisdiction in Pennsylvania, upon information and belief. Furthermore, Samuel M. Everett's life insurance agent and his policy records, if any, are both located in California.

     d.     **Public interests weigh in favor of a transfer to California.**

A weighing of the public interests at issue favors a transfer to California. First, California has more interest in deciding this controversy as the contract was entered into there, the material misrepresentations made by Samuel M. Everett occurred in California, the fraud alleged by the plaintiff occurred in California and the material misrepresentations were witnessed by the plaintiff in California. Moreover, plaintiff was a resident of California at all material times to the application for the Policy. Also, California law will apply to the contract and the misrepresentation and thus the California courts will have more familiarity with their applicable state law in this controversy. The other factors, enforceability of a judgment, practical considerations that could make the trial easy, and expeditious or inexpensive, or the administration of court congestion are all neutral factors in this action. Therefore, transfer of this case to California is warranted.

310679.1

III.    **CONCLUSION**

In the instant case, as there is no evidence that American General Life filed its declaratory action "in anticipation of impending litigation and motivated *solely* by considerations of forum shopping" there is no basis to depart from the *norm* of the first-filed rule. <u>Keating</u>, 416 F.Supp.2d at 1052.   American General Life respectfully requests that this court dismiss this case or in the alternative transfer this case to California, the first-filed forum.

Respectfully submitted,

BY:   *sac/2090/* _____
        Salvatore Clemente, Esquire
        Helen C. Lee, Esquire
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        The Curtis Center, Suite 1130E
        Independence Square West
        Philadelphia, PA 19106
        215-627-6900
        215-627-2665 (fax)
        salvatore.clemente@wilsonelser.com
        Attorneys for American General Life
        Insurance Company

June 18, 2008

22

310679.1

## CERTIFICATE OF SERVICE

Salvatore A. Clemente, attorney for defendant, hereby certifies that on June 19, 2008, he served a true and correct copy of the **DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** on counsel for plaintiff by hand delivery as addressed below:

Neff and Associates
Bruce L. Neff, Esquire
Two Penn Center Plaza, Suite 530
15th Street & JFK Boulevard
Philadelphia, PA 19102
*Attorney for Plaintiff*

_s/sac2090/_____
Salvatore A. Clemente

23

310679.1