FILED

'08 JUL 31 AM 9:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                Plaintiff,<br>vs.<br><br>NIKETTA EVERETT,<br><br>                Defendant. | CASE NO. 08-CV-0740 W (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>(Doc. No. 7) |

On April 23, 2008 Plaintiff American General Life Insurance Company ("Plaintiff" or "American General") commenced this action for declaratory relief and rescission of a life insurance policy against Defendant Niketta Everett ("Defendant" or "Niketta"). (Doc. No. 1.) On June 24, 2008 Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Doc. No. 7.) The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. (Doc. No. 7.)

///
///
///
///

I.  **BACKGROUND**

Plaintiff American General Life Insurance Company is a Texas corporation with its principal place of business in Houston, Texas. (*Compl.* ¶ 2.) Defendant Niketta Everett formerly resided in Lemon Grove, California and presently resides in Philadelphia, Pennsylvania. (*Def.'s Mot.* 4; *Compl.* ¶ 2.)

In 2005, Defendant and her husband, Samuel M. Everett ("Samuel"), were residing in Lemon Grove when they accepted a solicitation from U.S. Bancorp to buy a life insurance policy. (*Def.'s Mot.* 4.) On May 5, 2005 American General underwrote Life Insurance Policy No. YMA0086144 (the "Policy"), which was issued to Samuel with a face amount of $1,000,000. (*Id.*; *Id.* Ex. A-12.) Niketta was present when Samuel signed the Policy application, witnessed his signature, and was named beneficiary.[1] (*Def.'s Mot.* 4.) All indications suggest that Samuel signed the Policy application in Lemon Grove. (*Def.'s Mot.* Ex. A-30, A-34, A-38, A-43.) At issue in this case, but not in this Order, is whether Samuel's Policy application contained untruthful information regarding his income and criminal history.

Sometime in 2005 or early 2006, Niketta and Samuel moved to Philadelphia, Pennsylvania. (*Def.'s Mot.* 9.) In March 2006, Samuel died of gunshot wounds. Niketta was named Administratrix of Samuel's estate. (*Adrienne Publicover Decl.* Ex. E.)

Some time later, Niketta claimed benefits under the Policy. (*Def.'s Mot.* 9.) Because Samuel's death took place within the Policy's two year contestable period, however, American General conducted an investigation into his medical and financial background. (*Def.'s Mot.* Ex. B-51.) American General alleges that at this time it became aware of misrepresentations on Samuel's Policy application. (*Pl.'s Opp'n* 2.) American General contends that, had it known the truth about Samuel's background, it would not have issued the Policy in the first place. (*Def.'s Mot.* Ex. B-52–53.)

---

[1] The Policy application was completed and signed on March 22, 2005, and the Policy issued on May 5, 2005.

In November 2006, due to his alleged misrepresentations, American General decided to rescind Samuel's life insurance policy and refund the premiums to Niketta. (*Id.*) Correspondence between Niketta and American General commenced. On April 23, 2008 American General filed this suit for declaratory relief and rescission against Niketta to determine its rights and obligations under the rescinded Policy. (Doc. No. 1.) On or around May 23, 2008 Niketta filed a related suit against American General in the Eastern District of Pennsylvania for fraud, breach of contract, and violations of consumer protection law. (*Def.'s Mot.* C-72–80.) On June 24, 2008 Niketta filed this motion to dismiss under Federal Rule of Civil Procedure[2] 12(b)(2) for lack of personal jurisdiction. (Doc. No. 7.) On July 8, 2008 American General opposed. (Doc. No. 10.) Niketta has not filed a Reply brief or asked for an extension of time in which to do so.

## II.     LEGAL STANDARD

Rule 12(b)(2) provides that a court may dismiss a claim for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. Ballard v Savage, 65 F.3d 1495, 1497 (9th Cir. 1995); Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986); Flynth Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984); Spacey v. Burgar, 207 F. Supp. 2d 1037, 1042 (C.D. Cal. 2001).

When a defendant's motion to dismiss is made as its initial response to a complaint, the plaintiff need only make a prima facie showing that personal jurisdiction exists. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001); Data Disc., Inc. v. Sys. Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Motion, Inc. v. Environmental Tectonics Corporation, 196 F. Supp. 2d 1051, 1055 (D. Or. 2001).

---

[2] Hereafter, all references to "Rule" shall be to the Federal Rules of Civil Procedure.

In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989). The allegations contained in the affidavits and pleadings may not be merely conclusory, but rather, must assert particular facts which establish the necessary ties between the defendant and the forum state. H.M. Greenspun v. Del E. Webb Corp., 634 F.2d 1204, 1208 n.5 (9th Cir. 1980); Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998).

### III.  DISCUSSION

#### A.  Introduction

Niketta contends that this Court does not have personal jurisdiction over her. (Def.'s Mot. 10.) Specifically, Niketta argues that she did not direct any activity towards California, that American General's claims do not arise from her role as Policy application witness, and that jurisdiction in the Southern District of California is unreasonable. (Id. 11–17.)

American General contends, in response, that Niketta, as the Administratrix of Samuel's estate, is subject to California jurisdiction. (Pl.'s Opp'n 5.) Alternatively, American General argues that Niketta is subject to California jurisdiction in her own right because she was involved with the Policy which was consummated in California, that American General's claims arise out of Niketta's involvement, and that exercising jurisdiction over Niketta is reasonable. (Id. 7–14.)

Where there is no applicable federal statute governing personal jurisdiction, the law of the forum state—here, California—applies. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute allows courts to exercise personal jurisdiction over Defendants to the extent permitted by the Due Process Clause of the United States Constitution. See Cal. Code Civ. Pro. § 410.10; Core-Vent, 11 F.3d at 1484. Due Process requires "that in order to subject a defendant

to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).

The Ninth Circuit analyzes specific personal jurisdiction[3] according to a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Yahoo! Inc. v. La Ligue Contra Le Racisme, 433 F.3d 1199, 1205–06 (9th Cir. 2006).

### B. Although Niketta Everett Purposefully Availed Herself of the Privilege of Conducting Activities in California, This Declaratory Relief Action Does Not "Arise Out Of" Her Forum-Related Activities

Niketta argues that she did not purposefully avail herself of the privilege of conducting activities in California because she only lived in California for one year, never obtained a driver's license or transacted business in the state, and owned no real property in California. (*Def.'s Mot.* 11–13.) Thus, Niketta argues, she could not reasonably anticipate being haled into court here. (*Id.*) Furthermore, Niketta asserts that American General's single claim for declaratory relief does not "arise out of" her California-related activities. (*Id.* 13.)

American General contends that Niketta purposefully availed herself of California's laws by residing there for a year, witnessing Samuel's Policy application in

---

[3]The parties only brief the issue in terms of specific jurisdiction, and given that Niketta's contact with California does not appear to be "substantial, continuous, and systematic," it appears unlikely that general jurisdiction would attach. See Yahoo! Inc. v. La Ligue Contra Le Racisme, 433 F.3d 1199, 1205 (describing requirements for exercising general jurisdiction over a defendant).

California, and owning at least four California businesses. (*Pl.'s Opp'n.* 8–12.) Accordingly, American General argues, Niketta should not be surprised at being haled into a California courtroom. (*Id.*) American General further argues that its claims "arise out of" Niketta's role as witness to Samuel's policy. (*Id.* 12.)

The first personal jurisdiction prong, purposeful availment, requires that the defendant "engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986).

Under the second prong of the personal jurisdiction analysis, the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities. Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). In determining whether the plaintiff's claims arise out of the defendant's forum-related conduct, the Ninth Circuit follows the "but for" test. Id. (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001). Hence, American General must show that it would not have suffered an injury "but for" Niketta's forum-related conduct. See Menken, 503 F.3d at 1058.

Here, it is clear that Niketta satisfies the first "purposeful availment" prong by having engaged in affirmative conduct allowing or promoting the transaction of business in California. She resided in California for over a year and American General has produced evidence suggesting that she owned four California businesses and was an officer of a California corporation. (*Adrienne Publicover Decl.* Ex. D.) Had American General brought suit arising out of Niketta's activities as a California resident or businesswoman, there is little doubt that she could reasonably expect to be haled into a California courtroom.

Niketta's only relevant California contact relating to American General's declaratory relief claim, however, is Niketta's California residence at the time she witnessed Samuel's signature on the Policy Application. (*Def.'s Mot.* Ex. A-27.) The problem with American General's "arising out of" prong is that its declaratory relief claim arises entirely out of decedent Samuel's—not Niketta's—misrepresentations to

American General in California. Put plainly, American General's action can be paraphrased as follows: "Samuel lived in California, where he applied for life insurance. Samuel lied on his Policy application. Because Samuel lied, American General should not have to pay Samuel's beneficiary upon Samuel's death." (*Compl.* ¶¶ 7, 9, 11, 13, 14, 18, 24, 28, 29, 32, 37.) Although Niketta is the named defendant, American General's Complaint only references her when alleging her beneficiary status, alleging that the voided Policy entitles her to nothing, and seeking to enjoin her from legal action. (*Id.* ¶¶ 21–22, 37, Prayer.) Simply, Niketta's forum-related activities as business owner, corporate officer, and even wife of Samuel are irrelevant to the declaratory relief and rescission claim. See Rush v. Savchuk, 444 U.S. 320, 331–32 (1980) (holding that mere relationship with party who has contacts with forum is not sufficient basis for jurisdiction).

Essentially, American General cannot show that there would not be an actual justiciable controversy "but for" Niketta's witnessing of the California Policy application. (*Compl.* ¶ 41.) That is, American General's Complaint seeks to rescind the Policy based on Samuel's misrepresentations; Niketta's role as witness is not the cause of injury. American General would still seek a judgment declaring the Policy void had an office secretary or notary public witnessed Samuel's misrepresentations— Niketta's signature is not the "but for" cause. Nor does American General argue that but for Niketta's special role as witness, Samuel would not have lied on the Policy application. Although American General's moving papers suggest misrepresentation on the part of Niketta (*Pl.'s Opp'n* 12), nowhere is this reflected in the Complaint or relevant to its single claim for declaratory relief.

///
///
///
///
///

## IV. CONCLUSION

In sum, because American General's claim does not arise out of Nikita's California conduct, the Court cannot entertain specific personal jurisdiction over Niketta for this declaratory relief action.[4] Therefore, the Court **GRANTS** Defendant's motion to dismiss for lack of specific personal jurisdiction and **DISMISSES** Plaintiff's claim for declaratory relief. As American General has named Niketta individually as defendant, and not in her capacity as Administratrix, the Court declines to address American General's arguments in that respect.

IT IS SO ORDERED.

Dated: July 29, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[4]Furthermore, from the information before the Court, exercising jurisdiction over Niketta may be unreasonable under the facts of this case. Defendant Niketta Everett is a widowed, working mother of five who currently resides in Philadelphia, Pennsylvania. (Compl. ¶ 4.) She asserts that she cannot find counsel in Southern California, and has already filed a broader action in Philadelphia which would also accommodate American General's claims. Even considering the "first to file" rule, Niketta was served with this declaratory judgment suit (a cause of action not favored in federal court) the same day she commenced her Philadelphia action for fraud and breach of contract. See also Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc., 793 F. Supp. 233, 235–36 (C.D. Cal. 1992) (discussing scenarios where court can decline subject matter jurisdiction over declaratory judgment action if it appears that plaintiff filed suit for improper tactical purpose, like anticipating an affirmative defense).

On the other hand, Plaintiff American General, a Texas company related to AIG Insurance, is a billion-dollar insurance company with an office in Philadelphia. Given Plaintiff's size and circumstances surrounding the suit, Plaintiff's choice of forum is by no means controlling. Although a witness or two may reside in California, the decedent died in Pennsylvania and this declaratory relief suit concerns voiding the rights of the decedent's widow, who also resides in Pennsylvania. Therefore, Pennsylvania's interests are similar if not greater than those of California. Regardless, this case would also initially appear to be a strong candidate for transfer of venue pursuant to 28 U.S.C. § 1404(a) or § 1406(a).