ADRIENNE C. PUBLICOVER  (SBN 161432)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California  94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Plaintiff
**AMERICAN GENERAL LIFE
INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>NIKETTA EVERETT and DOES 1-10,<br><br>        Defendants. | CASE NO.    CV08-00740 W (JMA)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT**<br><br>**[Fed. Rule Civ. Pro. 60(a)]**<br><br>**ORAL ARGUMENT WAIVED**<br><br>Date:      September 15, 2008<br>Time:      9:30 a.m.<br>Courtroom:  7 |

TO DEFENDANT, NIKETTA EVERETT:

Please take notice that on September 15, 2008, at 9:30 a.m., in Courtroom 7 of the above-captioned court, Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY, will and hereby does move the Court for an order correcting a clerical mistake or mistake arising from oversight in the form of the Judgment entered herein on August 5, 2008.  A copy of said Judgment is attached as Exhibit A to these moving papers.

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT
USDC SDCA Case #CV08-00740 W (JMA)
368837.1 #

1    As grounds therefore, Plaintiff states that the Judgment erroneously recites that this

2  matter came for trial by a jury, and that a jury verdict was rendered herein.  In actuality, this

3  matter was decided on by the Court on the Defendant's motion pursuant to Federal Rule of Civil

4  Procedure 12(b)(2).  The correction of this error or oversight is necessary to "make the judgment

5  speak the truth," to foreclose the possibility that the judgment might wrongfully be claimed to

6  reflect an adjudication on the merits of the dispute, and to assure that Plaintiff is not erroneously

7  subjected to any regulatory or other reporting requirements that might be claimed to apply.

8    WHEREFORE, Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY,

9  respectfully requests that the Judgment in this matter be corrected, to demonstrate that the matter

10  was decided in a Decision by the Court, based solely on Defendant's claim that the Court lacks

11  personal jurisdiction over her.

12

13  Dated:  August 7, 2008                    WILSON, ELSER, MOSKOWITZ,
                                             EDELMAN & DICKER LLP
14

15                                 By:___/s/ Adrienne C. Publicover_____
                                      ADRIENNE C. PUBLICOVER
16                                    Attorneys for Plaintiff
                                      **AMERICAN GENERAL LIFE**
17

18

19

20

21

22

23

24

25

26

---

27                                         2

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO CORRECT JUDGMENT

In June, defendant Niketta Everett filed a motion to dismiss the plaintiff's complaint, pursuant to Federal Rule of Civil Procedure Rule 12(b)(2), stating that as a citizen and resident of Pennsylvania, the Court lacked personal jurisdiction over her this matter. Plaintiff opposed this motion on several grounds. The Court took the matter under submission without oral argument, and on July 29, 2008, issued its order granting the defendant's the motion. That order was filed on July 31, 2008, as Document Number 13 on the docket of this action. As reflected in the Court's order, the Court made its determination as a matter of law, ruling that "the Court cannot entertain specific personal jurisdiction over Niketta for this declaratory relief action." *See* Order, page 8, lines 3-4.

Thereafter, on August 5, 2008, the Clerk of the Court issued a Judgment in a Civil Case regarding this matter. A copy of that Judgment is attached to this memorandum as Exhibit A. As shown, the Judgment issued by the Clerk has an "X" mark on the line labeled, "**Jury Verdict**," which recites that the matter came before the Court for trial by jury, and a jury has issued its verdict on the issues presented in the case.

That statement is not correct, and the selection of that entry – in lieu of the accurate line, which is labeled, "**Decision by Court**," – must be the result of clerical mistake or a mistake resulting from oversight. *Cf.* Fed. Rule Civ. Pro. 60(a). "An error arises from oversight or omission whenever 'the thing spoken, written or recorded is *not what the person intended* to speak, write or record.'" *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644-45 (9th Cir. 1984), *quoting Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir. 1980) (emphasis original). In this instance, because there was no jury trial in this matter, the Court could not have intended the Judgment to issue in the form that it has, and correction under Rule 60(a) is appropriate.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT
USDC SDCA Case #CV08-00740 W (JMA)
368837.1 #

Plaintiff submits that the correction of the Judgment here is not a mere hypertechnicality, or the elevation of form over substance. First, as this Court is aware, another action is current pending between these parties, presenting some of the issues raised in Plaintiff's action for declaratory relief; a Judgment that erroneously reflects a jury verdict could mislead the Pennsylvania federal court regarding the true nature of the proceedings here. Moreover, there are state laws and other requirements that may apply to insurance companies like the Plaintiff, which can require reporting of "adverse" jury verdicts. Thus, the existence of an erroneous Judgment might subject the Plaintiff to regulatory sanction or impose on it the burden of proving the actual course of the proceedings in this Court.

Therefore, Plaintiff, American General Life Insurance Company, respectfully requests this Court enter its Order requiring that the Clerk of the Court correct the Judgment herein, to demonstrate that this matter was resolved by a "**Decision by Court**."


Dated: August 7, 2008                WILSON, ELSER, MOSKOWITZ,
                                     EDELMAN & DICKER LLP


                          By:   /s/ Adrienne C. Publicover
                                ADRIENNE C. PUBLICOVER
                                Attorneys for Plaintiff
                                **AMERICAN GENERAL LIFE**

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT
USDC SDCA Case #CV08-00740 W (JMA)
368837.1 #

# Exhibit A

# UNITED STATES DISTRICT COURT

### Southern District of California

American General Life Insurance Company

Plaintiff,

v.

Niketta Everett, et al.

Defendant.

Case No.: 3:08−cv−00740−W−JMA

Judge  Thomas J. Whelan

---

### JUDGMENT IN A CIVIL CASE

__X__    **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_____    **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED The Court Hereby Grants Defendant's Motion to Dismiss For Lack of Personal Jurisdiction and Dismisses Plaintiffs claim for declaratory relief. As American General Has named Niketta individually as defendant, and not in her capacity as Administratrix, the Court declines to address American General's arguments in that respect.

W. Samuel Hamrick, Jr.,
Clerk of the Court

Date: 8/5/08

By: s/ C. Puttmann, Deputy Clerk

ENTERED ON: August 5, 2008

**CERTIFICATE OF SERVICE**

*American General Life Insurance Company v. Niketta Everett, et al.*
*USDC SDCA Case #CV08-00740 W (JMA)*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_____: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

✓_____: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Niketta Everett
4238 Richmond Street
Philadelphia, PA 19137

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **August 7, 2008**, at San Francisco, California.

_____
Nancy Li

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CORRECT JUDGMENT
USDC SDCA Case #CV08-00740 W (JMA)
368837.1 #